UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| APALACHICOLA RIVERKEEPER, | ) | |
| ATCHAFALAYA BASINKEEPER, | ) | |
| GALVESTON BAYKEEPER, | ) | |
| LOUISIANA BAYOUKEEPER, | ) | |
| LOUISIANA ENVIRONMENTAL | ) | Case No. |
| ACTION NETWORK, PAUL ORR (IN | ) | |
| HIS CAPACITY AS THE LOWER | ) | Judge: |
| MISSISSIPPI RIVERKEEPER), | ) | |
| WATERKEEPER ALLIANCE, | ) | Magistrate: |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| TAYLOR ENERGY CO. LLC, | ) | |
| *Defendant*. | ) | |

## COMPLAINT

For their Complaint, Plaintiffs Apalachicola Bay and River Keeper, Inc. (d/b/a

Apalachicola Riverkeeper), Atchafalaya Basinkeeper, Inc., Galveston Baykeeper, Inc., Louisiana

Bayoukeeper, Inc., Louisiana Environmental Action Network, Inc., Paul Orr (in his capacity as

the Lower Mississippi Riverkeeper), and Waterkeeper Alliance, Inc. (collectively "the

Waterkeepers"), make the following allegations against the Defendant, Taylor Energy Co. LLC

("Taylor").

## <u>NATURE OF THE CASE</u>

1.      The Waterkeepers bring this Clean Water Act and Resource Conservation and

Recovery Act ("RCRA") citizen enforcement suit against Taylor because it continuously violates

both statutes by allowing one or more oil wells to discharge oil into the Gulf of Mexico without a permit.

2.      This lawsuit is necessary because of Taylor's slow pace in stopping the flow of oil from its well(s) into the Gulf.  To the best of the Waterkeepers' knowledge, this contamination continues after seven (7) years of flow.

3.      This lawsuit is also needed because of the secrecy surrounding Taylor's response to a multi-year spill that threatens public resources.  Such secrecy is inconsistent with national policy that "Public participation in the ... enforcement of any [Clean Water Act or RCRA] regulation ... shall be provided for, encouraged, and assisted ...."  Clean Water Act, 33 USC § 1251(e); RCRA, 42 U.S.C. § 6974(b)(1).

4.      The Waterkeepers understand that an underground mudslide began this spill on about September 15, 2004, by destroying a Taylor drilling platform in the Gulf of Mexico (Block 20 of the Mississippi Canyon) and burying up to 28 wells.  But without details about Taylor's response to this crisis, it is impossible for members of the public to assess the risk that similar events will cause additional multi-year spills, including spills from higher-pressure wells in deeper water.  Because such spills may damage the Gulf's eco-system on a scale comparable to or exceeding that of the BP spill, it is essential that the public learn from the more than 7-year Taylor response.  Further, without understanding why it is taking more than 7 years to stop the Taylor spill, it is impossible to assess the reasonableness of Taylor's response.

5.      Under the circumstances presented by this case, the Taylor spills' ongoing threat to the welfare of the Waterkeepers' members and the environment cannot be justified.

## JURISDICTION

6.      This Court has jurisdiction over this case under the Clean Water Act and RCRA. 33 U.S.C. § 1365(a); 42 U.S.C. § 6972(a).  Further, this Court has jurisdiction through federal question jurisdiction and the Declaratory Judgment Act.  28 U.S.C. § 1331; 28 U.S.C. § 2201.

## VENUE

7.      Under 28 U.S.C. § 1391(b)(3), 28 U.S.C. § 1391(c), 33 U.S.C. § 1365(c)(1), and 42 U.S.C. § 6972(a), venue is proper in the Eastern District of Louisiana because of the significant relationship between the events or omissions at issue in this lawsuit and this district and because the Defendant resides in this district.

## NOTICE

8.      On October 7, 2011, Plaintiffs Atchafalaya Basinkeeper, Inc., Galveston Baykeeper, Inc., Louisiana Bayoukeeper, Inc., Louisiana Environmental Action Network, Inc., Paul Orr (in his capacity as the Lower Mississippi Riverkeeper), and Waterkeeper Alliance, Inc., provided Notice of Intent to File Suit under RCRA via registered mail, return receipt requested, to Taylor, the owner of the oil well(s) in violation, and its registered agent, who received it on October 11, 2011.  This Notice was also sent to the Administrator of the EPA, the EPA Regional Administrators for EPA Regions Four and Six, and the solid waste management agencies for Louisiana, Texas, Mississippi, Florida, and Alabama.  This notice is attached as Exhibit A and incorporated by reference.

9.      On October 8, 2011, the plaintiffs listed in paragraph 8, above, provided the same Notice of Intent to File Suit under the Clean Water Act via certified mail to Taylor and its registered agent.  This Notice was also sent to the Administrator of the EPA, the EPA Regional Administrators for EPA Regions Four and Six, and the solid waste management agencies for

3

Louisiana, Texas, Mississippi, Florida, and Alabama.  Proof of receipt of this mailing is attached as Exhibit B and incorporated by reference.

10.     The plaintiffs listed in paragraph 8, above, sent a Supplemental Notice to Taylor via certified mail on October 21, 2011, specifying that the only potential defendant in this lawsuit is Taylor.  Copies were mailed to the Administrator of the EPA, the EPA Regional Administrators for EPA Regions Four and Six, and the solid waste management agencies for Louisiana, Texas, Mississippi, Florida, and Alabama.  This Supplemental Notice is attached as Exhibit C and incorporated by reference.

11.     The Waterkeepers sent a second Supplemental Notice on November 9, 2011, adding Apalachicola Riverkeeper as a Plaintiff, via certified mail. Copies were mailed to the Administrator of the EPA, the EPA Regional Administrators for EPA Regions Four and Six, and the solid waste management agencies for Louisiana, Texas, Mississippi, Florida, and Alabama.  This second Supplemental Notice is attached as Exhibit D and incorporated by reference.

12.     The Waterkeepers sent a third Supplemental Notice, relating to the Clean Water Act claim, to Taylor via certified mail on December 2, 2011.  Copies were mailed to the Administrator of the EPA, the EPA Regional Administrators for EPA Regions Four and Six, and the solid waste management agencies for Louisiana, Texas, Mississippi, Florida, and Alabama.  This third Supplemental Notice is attached as Exhibit E and incorporated by reference.

13.     More than 90 days have passed since the October 7 Notice of Intent to File Suit under RCRA was received by Taylor.  More than 60 days have passed since the Waterkeepers provided their third Supplemental Notice of Intent to File Suit under the Clean Water Act.

## PARTIES

### A.     *Plaintiffs*

14.     The plaintiff Apalachicola Riverkeeper is a nonprofit corporation organized under the laws of Florida, so it is a person under the Clean Water Act and RCRA. 33 U.S.C. § 1362(5); 42 U.S.C. § 6903(15). Its mission is to provide stewardship and advocacy for the protection of the Apalachicola River and Bay, its tributaries and watersheds, in order to improve and maintain the environmental integrity of these waterways. Further, its mission is to preserve their natural, scenic, recreational, and commercial fishing character. This lawsuit is germane to plaintiff Apalachicola Riverkeeper's purpose.

15.     The plaintiff Atchafalaya Basinkeeper is a nonprofit corporation organized under the laws of Louisiana, so it is a person under the Clean Water Act and RCRA. 33 U.S.C. § 1362(5); 42 U.S.C. § 6903(15). Its mission is to protect the Atchafalaya Basin for present and future generations by maintaining good water quality throughout the Atchafalaya watershed. This lawsuit is germane to plaintiff Atchafalaya Basinkeeper's purpose.

16.     The plaintiff Galveston Baykeeper is a nonprofit corporation organized under the laws of Texas, so it is a person under the Clean Water Act and RCRA. 33 U.S.C. § 1362(5); 42 U.S.C. § 6903(15). Its mission is to restore and protect the waters of Galveston Bay and the Gulf of Mexico through education, scientific research, advocacy, and legal means. This lawsuit is germane to plaintiff Galveston Baykeeper's purpose.

17.     The plaintiff Louisiana Bayoukeeper is a nonprofit corporation organized under the laws of Louisiana, so it is a person under the Clean Water Act and RCRA. 33 U.S.C. § 1362(5); 42 § U.S.C. 6903(15). Its mission is to engage and activate coastal communities to promote sustainable stewardship of the South Louisiana Bayou Country Watersheds and their

natural resources to benefit all citizens.  This lawsuit is germane to plaintiff Louisiana Bayoukeeper's purpose.

18.     The plaintiff Louisiana Environmental Action Network ("LEAN") is a nonprofit corporation organized under the laws of Louisiana, so it is a person under the Clean Water Act and RCRA. 33 U.S.C. § 1362(5); 42 U.S.C. § 6903(15). LEAN's mission is to preserve and protect the state's land, air, water, and other natural resources, and protect the organization's members and other Louisiana residents from pollution threats.  This lawsuit is germane to plaintiff LEAN's purpose.

19.     The plaintiff Paul Orr is the Lower Mississippi Riverkeeper and he is a person under the Clean Water Act and RCRA. 33 U.S.C. § 1362(5); 42 U.S.C. § 6903(15).  The Lower Mississippi Riverkeeper's mission is to protect, preserve, and restore the Mississippi River Delta's ecological integrity for current users and future generations through advocacy and citizen action.  This lawsuit is germane to plaintiff Lower Mississippi Riverkeeper's purpose.

20.     The plaintiff Waterkeeper Alliance is a nonprofit corporation organized under the laws of New York, so it is a person under the Clean Water Act and RCRA. 33 U.S.C. § 1362(5); 42 U.S.C. § 6903(15). Waterkeeper Alliance is an umbrella organization comprised of nearly 200 member Waterkeeper programs globally, including Atchafalaya Basinkeeper, Galveston Baykeeper, Louisiana Bayoukeeper, and the Lower Mississippi Riverkeeper. Waterkeeper Alliance provides a way for communities to stand up for their right to clean water and for the wise and equitable use of water resources, both locally and globally.  The vision of the Waterkeeper movement is for fishable, swimmable, and drinkable waterways worldwide. Waterkeeper Alliance believes that the best way to achieve this vision is through grassroots

advocacy, education, scientific research, and legal means.  This lawsuit is germane to plaintiff Waterkeeper Alliance's purpose.

21.     The Waterkeepers, in and through their respective members, are "citizens" under the Clean Water Act as "persons having an interest which is or may be adversely affected." 33 U.S.C. § 1365(g).

22.     The violations and risk of endangerment alleged in this lawsuit injure the Waterkeepers' members and threaten further injury to the Waterkeepers' members.

23.     The Waterkeepers' members have a legally protected interest in the quality of the environment surrounding their communities.  The members' reasonable concerns about the impact on their communities of the discharge of oil into the Gulf of Mexico impair their enjoyment of life in their communities.  Further, the members' reasonable concerns that leaking oil will reduce the quality of their lives by introducing annoying and potentially harmful pollution and by reducing the visual beauty of their communities impairs their enjoyment of life in their communities.  In addition, the Taylor spill impairs and threatens some plaintiffs' members' activities in the Gulf of Mexico.

24.     The Waterkeepers' members' injuries are fairly traceable to Taylor's failure to stop the leaking of oil from its well(s).  These injuries are actual, direct, concrete and irreparable, and money damages cannot adequately remedy these injuries once they occur. RCRA and the Clean Water Act empower this Court to redress these injuries.

### B.     Defendant

25.     The sole named defendant is Taylor Energy Company, a limited liability company headquartered in New Orleans, Louisiana.  Taylor is a "person" under the Clean Water Act and RCRA. 33 U.S.C. § 1362(5); 42 U.S.C. § 6903(15).

## LEGAL BACKGROUND

### A. Clean Water Act

26.     The purpose of the Clean Water Act is to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).

27.     To that end, the Clean Water Act prohibits the unlawful "discharge of any pollutant by any person" into the waters of the United States, the contiguous zone, or the ocean. 33 U.S.C. § 1311(a).

28.     Under the Clean Water Act citizen suit provision, "any citizen may commence a civil action on his own behalf … against any person … who is alleged to be in violation of … an effluent standard or limitation under this chapter…." 33 U.S.C. § 1365(a)(1).

29.     In its citizen suit provision, the Clean Water Act defines "effluent standard or limitation under this chapter" in 33 U.S.C. § 1365(f) to include "an unlawful act" under 33 U.S.C. § 1311(a) and, *inter alia*, discharges violating "a permit or condition thereof issued under section 1342 of this title, which is in effect under this chapter."

30.     The Clean Water Act defines "discharge of a pollutant" in 33 U.S.C. § 1362(12) to mean "(A) any addition of any pollutant to navigable waters from any point source," and "(B) any addition of any pollutant to the waters of the contiguous zone or the ocean from any point source other than a vessel or other floating craft."

31.     The Clean Water Act defines "pollutant" in 33 U.S.C. § 1362(6) to include "dredged spoil, solid waste, incinerator residue, sewage, garbage, sewage sludge, munitions, chemical wastes, biological materials, radioactive materials, heat, wrecked or discarded equipment, rock, sand, cellar dirt and industrial, municipal, and agricultural waste discharged into water."

32.     Oil is a pollutant. 40 C.F.R. § 401.16.

33.     The Clean Water Act defines "navigable waters" to include "the waters of the United States, including the territorial seas."  33 U.S.C. § 1362(7).

34.     The Clean Water Act defines the "contiguous zone" as "the entire zone established or to be established by the United States under article 24 of the Convention of the Territorial Sea and the Contiguous Zone" (33 U.S.C.A. § 1362(9)), and the Convention of the Territorial Sea defines the Contiguous Zone as "a zone of the high seas contiguous to its territorial sea, the coastal State may exercise the control necessary to (a) Prevent infringement of its customs, fiscal, immigration or sanitary regulations within its territory or territorial sea" and "(b) Punish infringement of the above regulations committed within its territory or territorial sea" and which may "not extend beyond twelve miles from the baseline from which the breadth of the territorial sea is measured."  15 U.S.T. 1606.

35.     A "point source" means "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock, concentrated animal feeding operation, or vessel or other floating craft, from which pollutants are or may be discharged." 33 U.S.C. § 1362(14).

36.     The EPA has determined that a discharge of oil "may be harmful to public health or welfare of the environment of the United States" if it causes "a film or sheen upon or discoloration of the surface of the water…" or "cause[s] a sludge or emulsion to be deposited beneath the surface of the water."  40 C.F.R. § 110.3.

37.     Citizen suits under the Clean Water Act allow for civil penalties as defined in 33 U.S.C. § 1319(d), which, in conjunction with 40 C.F.R. § 19.4 (which adjusts the amount for inflation), permits a court to impose civil penalties not to exceed $37,500 per day per violation

of, *inter alia*, 33 U.S.C. § 1311.  For violations on and before January 12, 2009, the limit is $32,500 per day per violation.

### B. Resource Conservation and Recovery Act

38.     Under the RCRA citizen suit provision, 42 U.S.C. § 6972(a)(1)(B), any person may commence a civil action against any person who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment.

39.     RCRA defines "solid waste" in 42 U.S.C. § 6903(27) as any "garbage, refuse…and other discarded material, including solid, liquid, semisolid, or contained gaseous material resulting from industrial, commercial, mining, and agricultural operations," subject to four exceptions that are not relevant for this lawsuit.

40.     RCRA defines "hazardous waste" as "a solid waste, or combination of solid wastes, which, because of its quantity, concentration, or physical, chemical, or infectious characteristics may…(B) pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, or disposed of, or otherwise managed."  42 U.S.C. § 6903(5).

41.     RCRA defines "disposal" as "the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters."  42 U.S.C. § 6903(3).

## FACTS

42.     The Taylor well(s) includes up to 28 wells associated with Oil Platform 23051, which is or was located in the Gulf of Mexico at 28.938022 degrees North latitude, 88.970963 West longitude, approximately eleven miles off the coast of Louisiana.

43.     At least one Taylor well has been leaking a significant amount of oil into the Gulf of Mexico since at least October 1, 2006.  Upon information and belief, the well(s) has been leaking since an underwater mudslide on approximately September 15, 2004.

44.     The Taylor well(s) has leaked sufficient oil to produce a visible sheen in the Gulf of Mexico.

45.     During the over 7 years the well(s) has been leaking, estimates of daily spill volumes range up to more than 4,000 gallons of oil.

46.     At all times since the Taylor well(s) began leaking, Taylor has been its sole owner and operator.

47.     Taylor has failed to provide the public with information regarding the pace and extent of the oil leaks and Taylor's efforts to control the leaks.  Indeed, Taylor has failed to specify: (1) How many of the wells at the Mississippi Canyon Block 20 ("MC 20") site are still leaking oil, (2) How many of the wells at the MC 20 site have been completely decommissioned, (3) When the remaining wells at the MC 20 site will be completely decommissioned, (4) When the oil leak will be completely stopped, and (5) How much sub-surface oil from the MC 20 site is currently in the Gulf.

48.     This lawsuit is not precluded by governmental action.  Specifically, neither EPA nor a state has commenced or is diligently prosecuting an action to require compliance with the standards or abate the risk of endangerment at issue in this lawsuit.  Further, neither EPA nor a

state is actually engaged in a removal action under authority of 42 U.S.C. § 9604, to abate the

risk of endangerment at issue.  In addition, neither EPA nor a state has incurred costs to initiate a

remedial investigation and feasibility study under 42 U.S.C. § 9604 or is diligently proceeding

with a remedial action under 42 U.S.C. § 9601, et seq., to abate the risk of endangerment at

issue.  Finally, no responsible party is diligently conducting a removal action, remedial

investigation and feasibility study or proceeding with a remedial action pursuant to a judicial or

administrative order obtained by EPA under 42 U.S.C. § 9606, or RCRA, 42 U.S.C. § 6973, to

abate the risk of endangerment at issue.

49.    The U.S. Department of Interior and the U.S. Coast Guard have issued orders to

Taylor with regard to the Taylor oil spill. The details of Taylor's responsive activities, however,

are not available to the Plaintiffs.  Taylor's responsive activities have failed to stop the violations

or the risk of endangerment at issue.

## THE NEED FOR COURT ACTION

50.    Taylor continues to violate the Clean Water Act and RCRA.  The Taylor well(s)

continues to leak oil into the Gulf of Mexico.

51.    Upon information and belief, without injunctive relief or civil penalties, Taylor

will continue to discharge oil into the Gulf of Mexico in violation of the Clean Water Act and

RCRA, causing further injury to the Waterkeepers, their members, the public, and the

environment.

52.    Injunctive relief and civil penalties are necessary to stop Taylor from

continuously violating the Clean Water Act and RCRA now, deter it from violating those statutes

in the future, and to redress the injuries already caused by its ongoing violations of those statutes.

## FIRST CAUSE OF ACTION

*(Violation of the Clean Water Act for discharge of oil without a permit)*

53.     The Taylor well(s) is located about 11 miles off of Louisiana's shore, within the navigable waters of the United States and the contiguous zone.  In the alternative, the Taylor well(s) is located in the ocean.

54.     The Taylor well(s) is a discrete conveyance and therefore a point source.

55.     Taylor has no Clean Water Act permit to discharge oil from the Taylor well(s).

56.     Taylor's continuing oil leaks identified in the paragraphs above are discharges from a point source into navigable waters of the United States within the meaning of § 301 of the Clean Water Act, which prohibits the discharge of any pollutant by any person except in compliance with a permit.  33 U.S.C. § 1311.

57.     Taylor's ongoing discharge of oil into the Gulf of Mexico violates the Clean Water Act.

## SECOND CAUSE OF ACTION

*(Violation of the Clean Water Act for discharge of oil in violation of a permit)*

58.     In the alternative, Taylor's ongoing discharge of oil into the Gulf of Mexico violates the Clean Water Act because any applicable National Pollutant Discharge Elimination System ("NPDES") permit, if there is one, does not allow Taylor to discharge free oil into navigable waters of the United States and does not authorize the discharges at issue in this lawsuit.

59.     Accordingly, if Taylor has a permit for the Taylor well(s), Taylor's discharges violate that permit.

## THIRD CAUSE OF ACTION

*(Violation of the Resource Conservation and Recovery Act)*

60.     Taylor is the owner and operator of the Taylor well(s).

61.     The Taylor well(s) is a disposal facility.

62.     Taylor is a past and present generator of hazardous and solid waste.

63.     Taylor has contributed and is contributing to the handling and disposal into the environment of discharged oil.

64.     Discharged oil is discarded material.

65.     Discharged oil may pose a substantial present or potential hazard to human health or the environment when improperly managed.

66.     Taylor's discharged oil is solid and hazardous waste.

67.     Taylor's continuing discharges of oil into the Gulf of Mexico may present an imminent and substantial endangerment to health or the environment.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray for judgment as follows:

A.     A declaration that Taylor is in violation of the Clean Water Act.

B.     A declaration that the Taylor well(s) may present an imminent and substantial endangerment to health or the environment.

C.     An injunction restraining Taylor from leaking, discharging, or disposing of oil from the Taylor well(s) into the Gulf of Mexico.

D.     An award of civil penalties, payable to the U.S. Treasury, for each day Taylor violates the Clean Water Act in an amount up to $37,500 per day until such time as it shuts down all leaking wells.

14

E.      An award of civil penalties, payable to the U.S. Treasury, for past violation of the Clean Water Act from January 13, 2009 until the present day, in an amount up to $37,500 per day.

F.      An award of civil penalties, payable to the U.S. Treasury, for violation of the Clean Water Act from February 2, 2007 until January 12, 2009, in an amount up to $32,500 per day.

G.      An award of litigation costs, including attorney and expert witness fees, pursuant to 33 U.S.C. § 1365(d) and 42 U.S.C. § 6972(e).

H.      Any other relief this Court may deem appropriate.

Respectfully submitted on February 2, 2012,

/s/ Kevin Blodgett
Kevin Blodgett, Student Attorney

/s/ Jonathan Cardosi
Jonathan Cardosi, Student Attorney

/s/ Machelle Lee Hall
Machelle Lee Hall, Staff Attorney La Bar No. 31498
Adam Babich, La. Bar No. 27177
Tulane Environmental Law Clinic
6329 Freret Street
New Orleans, LA 70118-6321
Phone: (504) 865-5789; direct dial 862-8800 or 862-8814
Fax: (504) 862-8721
Counsel for the Waterkeepers



Tulane University

Tulane Environmental Law Clinic

October 7, 2011

<u>Via Certified Mail and Registered Mail (Return Receipt Requested)</u>

Korea National Oil Corp.
11767 Katy Freeway
Suite 800
Houston, TX 77079

Samsung C&T Corp.
310, Taepyeong-Ro 1 Ga
Jung-Gu
Seoul
South Korea

Samsung C&T America, Inc.
85 Challenger Road
Ridgefield Park, NJ 07660

The Prentice-Hall Corporation System, Inc.
Agent for Samsung C&T America, Inc.
150 West State Street
Trenton, NJ 08608

Samsung C & T America, Inc.
5847 San Felipe St.
Suite 1500
Houston, TX 77057

The Prentice-Hall Corporation System, Inc.
Agent for Samsung C&T America, Inc.
211 E. 7th Street
Suite 620
Austin, TX 78701-3218

Taylor Energy Co. LLC
One Lee Circle
New Orleans, LA 70130
Phone: (504) 581-5491

Paul J. Goodwine
Agent for Taylor Energy Co. LLC
C/O Slattery, Marino, & Roberts
1100 Poydras Street
Suite 1800
New Orleans, LA 70163

**RE: Notice of Intent to File Citizen Suits Pursuant to Clean Water Act Section 505 and Notice of Endangerment Pursuant to Resource Conservation and Recovery Act Section 7002.**

To Korea National Oil Corp., Samsung C&T Corp., Samsung C&T America, Inc., and Taylor Energy Co. LLC:

EXHIBIT
**A**

Notice of Violations
October 7, 2011
Page 2 of 9

This letter, on behalf of Atchafalaya Basinkeeper, Emerald Coastkeeper, Galveston Baykeeper, Louisiana Bayoukeeper, Louisiana Environmental Action Network, Paul Orr (in his capacity as the Lower Mississippi Riverkeeper), and Waterkeeper Alliance (collectively "Waterkeepers"), provides Notice of Intent to File a Citizen Suit against Korea National Oil Corp. ("Korea National"), Samsung C&T Corp. ("Samsung"), Samsung C&T America, Inc. ("Samsung America"), and Taylor Energy Co. LLC ("Taylor"), for violations of the Clean Water Act as authorized by Clean Water Act § 505, 33 U.S.C. § 1365. This letter also provides Notice of Intent to File a Citizen Suit against Korea National, Samsung, Samsung America, and Taylor and a Notice of Endangerment as authorized by the Resource Conservation and Recovery Act ("RCRA") § 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B). The allegations in this Notice are based on the Waterkeepers' information and belief developed after a reasonable investigation.

The Clean Water Act requires the Waterkeepers to wait at least sixty days to file their citizen enforcement action after providing this notice. 33 U.S.C. § 1365(b)(1)(A). Additionally, RCRA requires the Waterkeepers to wait at least ninety days to file their citizen enforcement action after providing this notice. 42 U.S.C. § 6972(b)(2)(A). This waiting period gives the parties a reasonable time to resolve the matter cooperatively, without litigation. The Waterkeepers are open and amenable to discussions with Korea National, Samsung, Samsung America, and Taylor about resolving this matter outside of the judicial system. Our primary concern is preservation and protection of the Gulf of Mexico and its natural resources, and we understand that cooperative efforts can be more efficient than litigation.

We are providing this notice to Korea National, Samsung, Samsung America, and Taylor (collectively, "the dischargers") because they have violated and will continue to violate the Clean Water Act and the effect of their actions have and may continue to post an imminent and substantial threat of harm to the environment or human health. Specifically, the dischargers have violated and continue to violate Clean Water Act § 301, which prohibits the unauthorized discharge of pollutants into navigable waters and oceans. 33 U.S.C. § 1311. Additionally, the dischargers' actions in handling and discharging oil that qualifies as hazardous and solid waste have created and continue to create a situation that may pose an imminent and substantial endangerment to health and the environment. The dischargers' conduct therefore provide the basis for a citizen suit under RCRA § 7002(a)(1)(B). 42 U.S.C. § 6972(a)(1)(B).

**Introduction**

This notice focuses on one or more wells associated with Oil Platform 23051, which is or was located in the Gulf of Mexico at approximately 28.938022 degrees North latitude, 88.970963 West longitude, approximately eleven miles off the coast of Louisiana. We refer to these wells below as "the Taylor Well(s)." At least one of the Taylor Well(s) has been leaking a significant amount of oil into the Gulf of Mexico since at least October 7, 2006. Since then, the Taylor Well(s) discharge between 100 to 400 gallons of oil per day. This discharge produces visible slicks of oil on the water. One slick, observed on June 18, 2011, contained an estimated 3157 gallons of oil.

Notice of Violations
October 7, 2011
Page 3 of 9

At the time the Taylor Well(s) started leaking, Taylor owned them, operated them, or both owned and operated them. However, on or around February 1, 2008, Taylor sold its energy assets to Korea National, Samsung, and Samsung America. Thus, since February 2008, Korea National, Samsung, and Samsung America have also been responsible for the Taylor Well(s)' discharges of approximately 100 to 400 gallons of oil into the Gulf of Mexico every day, producing oil slicks and visible sheens.

## Clean Water Act Violations

Under the Clean Water Act, "the discharge of any pollutant by any person" is unlawful, except when done in compliance with certain sections of the Act. 33 U.S.C. § 1311(a).  A "discharge of a pollutant" is the "addition of any pollutant to navigable waters from any point source" or "any addition of any pollutant to the waters of the contiguous zone or the ocean from any point source other than a vessel or other floating craft." Id. at § 1362(12). The Clean Water Act defines "contiguous zone" as "the entire zone established or to be established by the United States under article 24 of the Convention of the Territorial Sea and the Contiguous Zone."[1] Additionally, "ocean" is defined as "any portion of the high seas beyond the contiguous zone." Id. at § 1362 (10).  The Clean Water Act defines "point source" as "any discernible, confined and discrete conveyance, including but not limited to any pipe, . . . conduit, well, discrete fissure, container, . . . from which pollutants are or may be discharged." Id. at § 1362(14). Under the Act, "pollution" is the "man-made or man-induced alteration of the chemical, physical, biological, and radiological integrity of water." Id. at § 1362(19). The Act defines "person" as "an individual, corporation, partnership, association, State, municipality, commission, or political subdivision of a State, or any interstate body." Id. at § 1362(5).

Generally, under Clean Water Act § 301(a) a pollutant discharge is illegal if 1) a discharge of a pollutant occurs without a permit 2) into navigable waters, the contiguous zone, or the ocean, and 3) the discharge originates from a point source. Neither Korea National, Samsung, Samsung America, nor Taylor hold a permit allowing the discharge of pollutants into the Gulf of Mexico from the Taylor Well(s). Additionally, the oil leaking from the Taylor Well(s) constitutes a "man-induced alteration of the chemical, physical, [and] biological" integrity of the water of the Gulf of Mexico in the contiguous zone. Finally, the Taylor Well(s) are point source(s) that discharge into navigable water.

The Clean Water Act contains a citizen enforcement section that allows any citizen to commence a civil action on his or her own behalf "against any person . . . who is alleged to be in violation of . . . an effluent standard or limitation under this chapter." Id. at § 1365(a)(1). In this case, Korea National, Samsung, Samsung America, and Taylor violated an effluent standard as provided in Clean Water Act § 301(a) when they 1) allowed the Taylor Well(s) to begin leaking oil into the Gulf of Mexico and 2) permitted the Taylor Well(s) to continue leaking oil in violation of § 301(a) of the Act. Id. at § 1311(a). Notably, EPA has determined that discharges of oil that "[c]ause a film or sheen upon or discoloration of the surface of the water or adjoining

---

[1] The contiguous zone of the United States is "24 miles from the baselines of the United States, in accordance with international law, but not within the territorial seas of another nation." 64 Fed. Reg. 48,701 (Sept. 8, 1999).

Notice of Violations
October 7, 2011
Page 4 of 9

shorelines or cause a sludge or emulsion to be deposited beneath the surface of the water or upon adjoining shorelines," may be "harmful to the public health or welfare or the environment." 40 C.F.R. § 110.3, 110.3(b). Hence, the Waterkeepers are providing Korea National, Samsung, Samsung America, and Taylor with notice that because they are violating an effluent standard or limitation under the Clean Water Act, the Waterkeepers will bring a citizen enforcement action against them as authorized in Clean Water Act § 505(a). 33 U.S.C. § 1365(a).

## RCRA Citizen Suit

Under RCRA's citizen suit provision

> any person may commence a civil action . . . against any person . . . including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment[.] 42 U.S.C. § 6972.

RCRA defines "disposal" as "the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid or hazardous waste . . . may enter the environment or be . . . discharged into any waters[.]" Id. at § 6903(3). Additionally, RCRA defines "solid waste" as "any garbage, refuse, . . . and other discarded material, including solid, liquid, semisolid, or contained gaseous material resulting from industrial, commercial, mining, and agricultural operations[.]" Id. at § 6903(27). The oil leaking from the Taylor Well(s) is discarded material and constitutes solid waste. Further, RCRA defines "hazardous waste" as "a solid waste, or combination of solid wastes, which . . . may . . . pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, or disposed of, or otherwise managed." Id. at § 6903(5)(B). Thus, the oil leaking from the Taylor Well(s) also constitutes hazardous waste as it poses a substantial present or potential hazard to human health or the environment. See 40 C.F.R. § 110.3 (stating, in the context of the Clean Water Act, that a discharge of oil that causes a sheen or discoloration upon water may be harmful to public health or welfare or the environment).

Korea National, Samsung, Samsung America, and Taylor are persons[3] whose past or present conduct with respect to the handling and disposal of both solid and hazardous waste has created imminent and substantial endangerment to health or the environment. Therefore, the Waterkeepers will bring a citizen suit under § 7002(a)(1)(B) of RCRA and seek injunctive relief to restrain Korea National, Samsung, Samsung America, and Taylor from handling and disposing additional solid and hazardous waste and to compel them to take corrective actions in order to abate the imminent and substantial endangerment to health or the environment their past handling and disposal of solid waste and hazardous material created.

**Persons Giving Notice:**

---

[3] RCRA defines "persons" as "an individual, trust, firm, joint stock company, corporation, . . . partnership, [or] association . . . ." 42 U.S.C. § 6903(15).

Notice of Violations
October 7, 2011
Page 5 of 9

> Atchafalaya Basinkeeper
> 162 Croydon Ave.
> Baton Rouge, LA 70806
> Phone: (225) 928-1329

Atchafalaya Basinkeeper is a nonprofit organization dedicated to protecting the Atchafalaya Basin for present and future generations. Atchafalaya Basinkeeper seeks to maintain good water quality throughout the Atchafalaya watershed. The present spill in the Gulf of Mexico is a particular threat to the health of fishermen and their families, the culture of those Atchafalaya Basinkeeper members who make their living in the Atchafalaya Delta.

> Emerald Coastkeeper
> P.O. Box 13283
> Pensacola, FL 32591
> Phone: (850) 602-8377

Emerald Coastkeeper is a 501(c)(3) nonprofit organization with its principal office in Pensacola, Florida and is the northwest Florida chapter of the Waterkeeper Alliance. Emerald Coastkeeper, is located directly along the coast of the Gulf of Mexico and works to restore and protect U.S. waterway within its jurisdiction, which includes all tributaries, including creeks, bays, rivers, bayous, and any other bodies of water that are a part of the watershed from the Gulf of Mexico (south) up to the Alabama state line (north), and Perdido Bay (west) to West Bay in Panama City (east). Emerald Coastkeeper uses education and advocacy to increase awareness of water quality issues and uses citizen enforcement of the Clean Water Act when necessary.

Emerald Coastkeeper and its members use, or have used, the Gulf of Mexico for recreation and other applications including, but not limited to, fishing; boating; kayaking; snorkeling; diving; and chemical, biological, and environmental studies. The actions of the dischargers, as referenced in this letter, impair Emerald Coastkeeper members' use and enjoyment of the Gulf of Mexico.

> Galveston Baykeeper
> P.O. Box 71
> Seabrook, TX 77586
> Phone: (281) 455-9595

Galveston Baykeeper is a member of the Waterkeeper Alliance and works to restore and protect the waters of the United States through litigation, scientific research, and other legal means. Galveston Baykeeper is a national, nonprofit corporation organized under the laws of the State of Texas, with its principal office in Shoreacres, Texas. Galveston Baykeeper aims to keep our bay system vital and vibrant for all who enjoy it and make their livelihood through it. Galveston Bay is connected to the Gulf of Mexico and receives saline waters from Gulf currents and tides. Galveston Baykeeper's members live along Galveston Bay and the Gulf of Mexico and use these waters for recreational and commercial fishing, boating, swimming, and other uses.

Notice of Violations
October 7, 2011
Page 6 of 9

Louisiana Bayoukeeper
P.O. Box 207
Barataria, LA 70036
Phone: (504) 689-8849

Louisiana Bayoukeeper, Inc. is a nonprofit organization based in Barataria, Louisiana and is made up of citizens involved in commercial fishing; charter fishing families; recreational fishing; natural resource based tourism; and other citizens concerned about water quality, coastal restoration, and protection issues. Louisiana Bayoukeeper's mission is to engage and activate coastal communities for the purpose of promoting sustainable stewardship of the South Louisiana Bayou Country Watersheds and its natural resources for the benefit of all citizens.

Ninety percent of all marine species in the Gulf of Mexico spend some portion of their life cycle in South Louisiana's coastal ecosystem. Daily tidal flows and winds carry marine life and pollutants into Louisiana's vast estuarine system. This oil spill harms fishing and hunting families, commercial and recreational users, and eco-tourists who are the backbone of Barataria and other coastal Louisiana communities' culture and economy.

Louisiana Environmental Action Network ("LEAN")
P.O. Box 66323
Baton Rouge, Louisiana 70896
Phone: (225) 928-1315

LEAN, founded in 1986, is a state-wide, nonprofit corporation organized under the laws of the State of Louisiana, with its principal office in Baton Rouge, Louisiana. LEAN represents many community groups and thousands of individuals state wide. LEAN provides these member groups and individuals with the support and resources required to accomplish their environmental goals. LEAN's purpose is to foster cooperation and communication between individual citizens and corporate and government organizations and to assess and mend the environmental problems in Louisiana. LEAN's goal is the creation and maintenance of a cleaner and healthier environment for all of the inhabitants of Louisiana.

LEAN has individual members who live and / or work in Louisiana's coastal parishes, including southern Plaquemines Parish. These members use, or have used, the Gulf of Mexico for fishing, boating, bird-watching, recreation, SCUBA diving, and other uses. Some of these members use the waters in the general vicinity of the discharge that is the subject of this notice for recreation and commercial fishing, commercial fishing charter, commercial SCUB charter, and recreation SCUBA diving. These members' use and enjoyment of the Gulf of Mexico has been harmed by the dischargers' actions described in this notice.

Paul Orr (in his capacity as the Lower Mississippi Riverkeeper)
162 Croydon Ave.
Baton Rouge, LA 70806
Phone: (225) 588-5059

Notice of Violations
October 7, 2011
Page 7 of 9


Lower Mississippi Riverkeeper is an active program of LEAN and is a licensed-member-program of Waterkeeper Alliance. Lower Mississippi Riverkeeper's program focuses on the Mississippi River Delta. The mission of Lower Mississippi Riverkeeper is to protect, preserve, and restore the ecological integrity of the Mississippi River Basin for current users and future generations through advocacy and citizen action.

Waterkeeper Alliance
17 Battery Place
Suite 1329
New York, NY 10004
Phone: (212) 747-0622

Waterkeeper Alliance is a national, nonprofit corporation organized under the laws of the State of New York, with its principal office in New York, New York.  Waterkeeper Alliance is an umbrella organization comprised of nearly 200 member Waterkeeper programs globally, including Atchafalaya Basinkeeper, Emerald Coastkeeper, Galveston Baykeeper, Louisiana Bayoukeeper, and Paul Orr (in his capacity as the Lower Mississippi Riverkeeper). Waterkeeper Alliance works to restore and protect the waters of the United States, including the Gulf of Mexico, through litigation, education, scientific research, and other legal means; advocates compliance with environmental laws such as the Clean Water Act and RCRA; responds to citizen complaints; identifies threats to bodies of water; and generally works to protect the public's right to a pollution-free environment.

In addition to its member organizations, Waterkeeper Alliance has individual members who reside in communities along the Gulf Coast.  These members use, or have used, the Gulf of Mexico for fishing, boating, bird-watching, recreation, and other uses.  Some of these members own property along or near the Gulf of Mexico.  These members have been harmed in their use and enjoyment of the Gulf of Mexico by defendants' violations of the various environmental statutes referenced in this complaint.

These parties, however, should be contacted through their counsel:

Machelle Lee Hall, SBN: 31498
Tulane Environmental Law Clinic
6329 Freret Street
New Orleans, LA 70118
Phone: (504) 862-8814; Fax: (504) 862-8721


**Persons Responsible for Alleged Violations:**

Taylor Energy Co. LLC                    Samsung C&T America, Inc.
One Lee Circle                           5847 San Felipe St.
New Orleans, LA 70130                    Suite 1500

Notice of Violations
October 7, 2011
Page 8 of 9

Samsung C&T
310, Taepyeong-Ro 1 Ga
Jung-Gu, Seoul
South Korea

Houston, TX 77057

Korea National Oil Corp.
11767 Katy Freeway
Suite 800
Houston, TX 77079

If you believe that any portion of this Notice is in error or if you wish to discuss any portion of
this Notice, please contact Machelle Lee Hall or Adam Babich at the address and phone number
listed above.

Prepared by:

Respectfully submitted:

Kevin Blodgett, Student Attorney
Tulane Environmental Law Clinic

Machelle Lee Hall, Clinical Instructor, SBN: 31498
Adam Babich, Director, SBN: 27177
Tulane Environmental Law Clinic
6329 Freret Street
New Orleans, LA 70118
Phone: (504) 862-8814; Fax: (504) 862-871

Jonathan Cardosi, Student Attorney
Tulane Environmental Law Clinic

*Counsel for Atchafalaya Basinkeeper, Emerald
Coastkeeper, Galveston Baykeeper, Louisiana
Bayoukeeper, Louisiana Environmental Action
Network, Paul Orr, and Waterkeeper Alliance*

Paul Riermaier, Student Attorney
Tulane Environmental Law Clinic

cc:

   Administrator Lisa P. Jackson
   U.S. Environmental Protection Agency Headquarters
   1200 Pennsylvania Avenue, N.W.
   Mail Code: 1101A
   Washington, DC 20460

   Gwendolyn Keyes Fleming, Regional Administrator
   US EPA, Region 4
   Sam Nunn Atlanta Federal Center
   61 Forysth Street, SW
   Atlanta, GA 30303

Notice of Violations
October 7, 2011
Page 9 of 9

Al Armendariz, Regional Administrator
Environmental Protection Agency
EPA Region 6 Main Office
1445 Ross Avenue
Suite 1200
Dallas, TX 75202

Herschel T. Vinyard, Jr., Secretary
Florida Department of Environmental Protection
3900 Commonwealth Boulevard M.S. 49
Tallahassee, FL 32399-3000

Peggy Hatch, Secretary
Louisiana Department of Environmental Quality
P.O. Box 4301
Baton Rouge, LA 70821-4301

Trudy Fisher, Executive Director
Mississippi Department of Environmental Quality
P.O. Box 2261
Jackson, MS 39225

Mark. R. Vickery, Executive Director, Mail Code 109
TCEQ
P.O. Box 13087
Austin, TX 78711-3087





English        Customer Service        USPS Mobile                                    Register / Sign In

**USPS.COM**                                                    Search USPS.com or Track Packages

Quick Tools              Ship a Package        Send Mail        Manage Your Mail        Shop        Business Solutions

# Track & Confirm

You entered: RE744114632US

**Status: Delivered**
**Your item was delivered at 11:45 am on October 11, 2011 in NEW ORLEANS, LA 70112.**
**Additional information for this item is stored in files offline.**

**You may request that the additional information be retrieved from the archives, and**
**that we send you an e-mail when this retrieval is complete. Requests to retrieve**
**additional information are generally processed within four hours. This information will**
**remain online for 30 days.**

I would like to receive notification on this request

**Restore**

**Find Another Item**

What's your label (or receipt) number?

**Find**

**LEGAL**                    **ON USPS.COM**              **ON ABOUT.USPS.COM**          **OTHER USPS SITES**
Privacy Policy ›            Government Services ›        About USPS Home ›              Business Customer Gateway ›
Terms of Use ›             Buy Stamps & Shop ›          Newsroom ›                     Postal Inspectors ›
FOIA ›                    Print a Label with Postage ›   Mail Service Updates ›         Inspector General ›
No FEAR Act EEO Data ›     Customer Service ›           Forms & Publications ›         Postal Explorer ›
                          Site Index ›                 Careers ›

Copyright© 2012 USPS. All Rights Reserved.

English          Customer Service          USPS Mobile                                    Register / Sign In

**USPS.COM**                                                    Search USPS.com or Track Packages

Quick Tools              Ship a Package      Send Mail      Manage Your Mail      Shop      Business Solutions

# Track & Confirm

You entered: RE744114650US

**Status: Delivered**
**Your item was delivered at 2:30 pm on October 11, 2011 in NEW ORLEANS, LA 70130.**
**Additional information for this item is stored in files offline.**

**You may request that the additional information be retrieved from the archives, and
that we send you an e-mail when this retrieval is complete. Requests to retrieve
additional information are generally processed within four hours. This information will
remain online for 30 days.**

I would like to receive notification on this request

**Restore**

**Find Another Item**

What's your label (or receipt) number?

**Find**

**LEGAL**                **ON USPS.COM**           **ON ABOUT.USPS.COM**      **OTHER USPS SITES**
Privacy Policy ›         Government Services ›     About USPS Home ›          Business Customer Gateway ›
Terms of Use ›           Buy Stamps & Shop ›       Newsroom ›                 Postal Inspectors ›
FOIA ›                   Print a Label with Postage ›  Mail Service Updates ›     Inspector General ›
No FEAR Act EEO Data ›   Customer Service ›        Forms & Publications ›     Postal Explorer ›
                         Site Index ›              Careers ›

Copyright© 2012 USPS. All Rights Reserved.



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

NEW ORLEANS, LA 70130

| | | |
|---|---|---|
| Postage | $ | $0.64 |
| Certified Fee | | $2.85 |
| Return Reciept Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.79 |

0018
11
Postmark Here
10/08/2011

7003 2260 0004 5942 8479

Sent To *Taylor Energy Co., LLC*
Street, Apt. No.; or PO Box No. *One Lee Circle*
City, State, ZIP+4 *New Orleans, LA 70130*

PS Form 3800, June 2002                    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

NEW ORLEANS, LA 70163

| | | |
|---|---|---|
| Postage | $ | $0.64 |
| Certified Fee | | $2.85 |
| Return Reciept Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.79 |

0018
11
Postmark Here
10/08/2011

7003 2260 0004 5942 8486

Sent To *Paul Guthwire, agent for Taylor Energy, Co.*
Street, Apt. No.; or PO Box No. *1100 Poydras, suite 1800*
City, State, ZIP+4 *New Orleans, LA 70163*

PS Form 3800, June 2002                    See Reverse for Instructions

**EXHIBIT**

**B**

English          Customer Service          USPS Mobile

Register / Sign In

**USPS.COM**

Search USPS.com or Track Packages

Quick Tools          Ship a Package          Send Mail          Manage Your Mail          Shop          Business Solutions

# Track & Confirm

GET EMAIL UPDATES          PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70032260000459428486<br>**Restore Archived Details** | First-Class Mail® | Delivered | October 11, 2011, 11:45 am | NEW ORLEANS, LA 70112 | |
| 70032260000459428479<br>**Restore Archived Details** | First-Class Mail® | Delivered | October 11, 2011, 2:30 pm | NEW ORLEANS, LA 70130 | |

GET EMAIL UPDATES          PRINT DETAILS

### Check on Another Item

What's your label (or receipt) number?

**Find**

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2012 USPS. All Rights Reserved.



Tulane Environmental Law Clinic

October 21, 2011

Ref. 101-127

*Via Certified Mail (Return Receipt Requested)*
*and E-mail: pgoodwine@smr-lawfirm.com*
Taylor Energy Co. LLC
c/o Paul J. Goodwine
Slattery, Marino, & Roberts
1100 Poydras Street
Suite 1800
New Orleans, LA 70163

*Via U.S. Mail and E-mail: gbeuerman@e-*
*bmf.com*
Korea National Oil Co.
Samsung C&T Corp.
Samsung C&T America, Inc.
c/o Greg J. Beuerman
Beuerman Miller Fitzgerald
748 Camp Street
New Orleans, LA 70130

**RE: Supplement and Revision to Notice of Intent to File Citizen Suits Pursuant to Clean Water Act Section 505 and Notice of Endangerment Pursuant to Resource Conservation and Recovery Act Section 7002.**

To Taylor Energy Co. LLC, Korea National Oil Co., Samsung C&T Corp., and Samsung C&T America, Inc.:

This letter, on behalf of Atchafalaya Basinkeeper, Emerald Coastkeeper, Galveston Baykeeper, Louisiana Bayoukeeper, Louisiana Environmental Action Network, Paul Orr (in his capacity as the Lower Mississippi Riverkeeper), and Waterkeeper Alliance (collectively "Waterkeepers"), supplements and revises (but does not replace) the Waterkeepers' Notice of Intent to File Citizen Suits Pursuant to Clean Water Act Section 505 and Notice of Endangerment Pursuant to Resource Conservation and Recovery Act Section 7002 (October 7, 2011). This letter supplements the October 7, 2011 Notice by clarifying that Taylor Energy Co. LLC ("Taylor")—as the owner and operator of the Taylor Well(s)[1]—is liable under the Clean Water Act for ongoing violations of 33 U.S.C. § 1311(a), because of Taylor's unpermitted discharges from the Taylor Well(s). Further, this letter revises the Notice by withdrawing all allegations that Korea National Oil Co. ("Korea National"), Samsung C&T Corp. ("Samsung"), or Samsung C&T America, Inc. ("Samsung America") are liable for discharges from the Taylor Well(s).  In all other respects, the October 7, 2011 Notice remains effective.

The Waterkeepers appreciate the quick responses to their Notice from Taylor, Korea National, Samsung, and Samsung America. Based in large part on the information in those responses, the Waterkeepers agree that the allegations in the Notice that Korea National, Samsung America, and Samsung are responsible for the discharges were in error. The

---

[1] We defined the phrase "Taylor Well(s)" on page 2 of the October 7, 2011 Notice.

Tulane Environmental Law Clinic

EXHIBIT
C

Supplement and Revision to Notice of Violations and Endangerment
October 21, 2011
Page 2 of 2

Waterkeepers and their attorneys at the Tulane Environmental Law Clinic apologize for this
mistake.

     If you have any questions or concerns about this letter or the October 7, 2011 Notice
please contact counsel at the telephone number and address listed below.

Prepared by:

Kevin Blodgett, Student Attorney
Tulane Environmental Law Clinic


Jonathan Cardosi, Student Attorney
Tulane Environmental Law Clinic


Paul Riermaier, Student Attorney
Tulane Environmental Law Clinic

Respectfully submitted:

Machelle Lee Hall, Clinical Instructor, SBN: 31498
Adam Babich, Director, SBN: 27177
Tulane Environmental Law Clinic
6329 Freret Street
New Orleans, LA 70118
Phone: (504) 862-8814; Fax: (504) 862-871

*Counsel for Atchafalaya Basinkeeper, Emerald
Coastkeeper, Galveston Baykeeper, Louisiana
Bayoukeeper, Louisiana Environmental Action
Network, Paul Orr, and Waterkeeper Alliance*

cc:

Administrator Lisa P. Jackson
U.S. Environmental Protection Agency
Headquarters
1200 Pennsylvania Avenue, N.W.
Mail Code: 1101A
Washington, DC 20460

Gwendolyn Keyes Fleming
Regional Administrator
US EPA, Region 4
Sam Nunn Atlanta Federal Center
61 Forsyth Street, SW
Atlanta, GA 30303

Al Armendariz, Regional Administrator
Environmental Protection Agency
EPA Region 6 Main Office
1445 Ross Avenue

Herschel T. Vinyard, Jr., Secretary
Florida Department of Environmental Protection
3900 Commonwealth Boulevard M.S. 49
Tallahassee, FL 32399-3000

Peggy Hatch, Secretary
Louisiana Department of Environmental Quality
P.O. Box 4301
Baton Rouge, LA 70821-4301

Trudy Fisher, Executive Director
Mississippi Department of Environmental Quality
P.O. Box 2261
Jackson, MS 39255

Mark. R. Vickery, Executive Director, Mail Code 109
TCEQ
P.O. Box 13087
Austin, TX 78711-3087

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
E. Hudnall
☐ Agent
☐ Addressee

B. Received by ( Printed Name)
E. HudNall

C. Date of Delivery
10/24/11

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Taylor Energy through Paul Goodwin
Slattery, Marino + Roberts
1100 Poydras St., Ste 1800
New Orleans, La. 70163

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ 44 |
| Certified Fee | 2.85 |
| Return Receipt Fee (Endorsement Required) | 2.30 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.59 |

Sent To: P. Goodwin, Slattery, Marino + Roberts
Street, Apt. No.; or PO Box No. 1100 Poydras St., Ste 1800
City, State, ZIP+4 NOLA 70163

PS Form 3800, August 2006    See Reverse for Instructions

7008 1830 0002 8233 4870



Tulane University

Tulane Environmental Law Clinic

November 9, 2011

Ref. 101-127

*Via Certified Mail (Return Receipt Requested)*
*and E-mail: pgoodwine@smr-lawfirm.com*
Taylor Energy Co. LLC
c/o Paul J. Goodwine
Slattery, Marino, & Roberts
1100 Poydras Street
Suite 1800
New Orleans, LA 70163

**RE: Supplement to Notice of Intent to File Citizen Suits Pursuant to Clean Water Act Section 505 and Notice of Endangerment Pursuant to Resource Conservation and Recovery Act Section 7002.**

To Taylor Energy Co. LLC:

This letter, on behalf of Apalachicola Riverkeeper, provides notice that Apalachicola Riverkeeper joins in Atchafalaya Basinkeeper, Emerald Coastkeeper, Galveston Baykeeper, Louisiana Bayoukeeper, Louisiana Environmental Action Network, Paul Orr (in his capacity as the Lower Mississippi Riverkeeper), and Waterkeeper Alliance's Notice of Intent to File Citizen Suits Pursuant to Clean Water Act Section 505 and Notice of Endangerment Pursuant to Resource Conservation and Recovery Act Section 7002 (October 7, 2011) and Supplement and Revision to Notice of Intent to File Citizen Suits Pursuant to Clean Water Act Section 505 and Notice of Endangerment Pursuant to Resource Conservation and Recovery Act Section 7002 (October 21, 2011).

Prepared by:

Respectfully submitted:

Kevin Blodgett, Student Attorney
Tulane Environmental Law Clinic

Jonathan Cardosi, Student Attorney
Tulane Environmental Law Clinic

Machelle Lee Hall, Clinical Instructor, SBN: 31498
Adam Babich, Director, SBN: 27177
Tulane Environmental Law Clinic
6329 Freret Street
New Orleans, LA 70118
Phone: (504) 862-8814; Fax: (504) 862-871

**EXHIBIT**
**D**

Supplement to October 7, 2011 Notice and October 21, 2011 Supplement and Revision
November 9, 2011
Page 2 of 2

Paul Riermaier, Student Attorney
Tulane Environmental Law Clinic

*Counsel for Apalachicola Riverkeeper, Atchafalaya*
*Basinkeeper, Emerald Coastkeeper, Galveston*
*Baykeeper, Louisiana Bayoukeeper, Louisiana*
*Environmental Action Network, Paul Orr, and*
*Waterkeeper Alliance*

cc:

Administrator Lisa P. Jackson
U.S. Environmental Protection Agency
Headquarters
1200 Pennsylvania Avenue, N.W.
Mail Code: 1101A
Washington, DC 20460

Gwendolyn Keyes Fleming
Regional Administrator
US EPA, Region 4
Sam Nunn Atlanta Federal Center
61 Forsyth Street, SW
Atlanta, GA 30303

Al Armendariz, Regional Administrator
Environmental Protection Agency
EPA Region 6 Main Office
1445 Ross Avenue

Herschel T. Vinyard, Jr., Secretary
Florida Department of Environmental Protection
3900 Commonwealth Boulevard M.S. 49
Tallahassee, FL 32399-3000

Peggy Hatch, Secretary
Louisiana Department of Environmental Quality
P.O. Box 4301
Baton Rouge, LA 70821-4301

Trudy Fisher, Executive Director
Mississippi Department of Environmental Quality
P.O. Box 2261
Jackson, MS 39225

Mark. R. Vickery, Executive Director, Mail Code 109
TCEQ
P.O. Box 13087
Austin, TX 78711-3087

**Customer Receipt**
(For use by Rural Carriers and Highway Contract Routes only)

101-127

Amount (Written Out)

eight dollars/sixty-seven /100 Dollars

☐ Check Here for Temporary Receipt
(Payment Received — Total Cost Not
Yet Calculated)

Amount (In Numbers)
$ 8.67

Purpose

9
2011

By (Signature)

Date (MM/DD/YYYY)

PS Form **1096**, October 2009  PSN 7530-02-000-7346

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse
  so that we can return the card to you.
- Attach this card to the back of the mailpiece,
  or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
E. Hudnall   11/10/11

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

1. Article Addressed to:

Taylor Energy Co. LLC
c/o Paul J. Goodwine
Slattery, Marino, é Roberts
1100 Poydras St., Ste, 1900
New Orleans, LA 70163

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service...)   7005 0390 0002 0055 1146

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECE...**
(Domestic Mail Only; No Insurance Co...

For delivery information visit our website at...

OFFICIAL

| | |
|---|---|
| Postage | $ .44 |
| Certified Fee | 2.85 |
| Return Receipt Fee (Endorsement Required) | 2.30 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.59 |

7005 0390 0002 0055 1146

70118   101-127

Sent To
Taylor Energy c/o Paul Goodwine
Street, Apt. No.; or PO Box No.  1100 Poydras St., Ste 1900
City, State, ZIP+4  New Orleans  LA 70163

See Reverse for Instructions

PS Form 3800, June 2002



Tulane
University

Tulane Environmental Law Clinic

December 2, 2011

Ref. 101-127

*Via Certified Mail (Return Receipt Requested)*
*and E-mail: pgoodwine@smr-lawfirm.com*
Taylor Energy Co. LLC
c/o Paul J. Goodwine
Slattery, Marino, & Roberts
1100 Poydras Street
Suite 1800
New Orleans, LA 70163

**RE: Third Supplement to Notice of Intent to File Citizen Suits Pursuant to Clean Water Act Section 505 and Notice of Endangerment Pursuant to Resource Conservation and Recovery Act Section 7002.**

To Taylor Energy Co. LLC:

This letter, on behalf of Atchafalaya Basinkeeper, Apalachicola Riverkeeper, Emerald Coastkeeper, Galveston Baykeeper, Louisiana Bayoukeeper, Louisiana Environmental Action Network, Paul Orr (in his capacity as the Lower Mississippi Riverkeeper), and Waterkeeper Alliance (collectively "the Waterkeepers") supplements—for the third time—the Waterkeepers' Notice of Intent to File Citizen Suits Pursuant to Clean Water Act Section 505 and Notice of Endangerment Pursuant to Resource Conservation and Recovery Act Section 7002 (October 7, 2011). Earlier supplements were provided on October 21, 2011 and November 9, 2011.

For their Third Supplement, the Waterkeepers clarify that, to the extent that any Clean Water Act permit is deemed to apply to the discharge described in the October 7 Notice, the discharge violates that permit.

Respectfully submitted:

*Machelle Lee Hall*

Machelle Lee Hall, Clinical Instructor, SBN: 31498
Kevin Blodgett, Student Attorney
Jonathan Cardosi, Student Attorney
Paul Riermaier, Student Attorney
Adam Babich, Director, SBN: 27177
Tulane Environmental Law Clinic

**EXHIBIT**

**E**

Supplement to October 7, 2011 Notice and October 21, 2011 Supplement and Revision
November 9, 2011
Page 2 of 2

6329 Freret Street
New Orleans, LA 70118
Phone: (504) 862-8814; Fax: (504) 862-871

*Counsel for Apalachicola Riverkeeper, Atchafalaya Basinkeeper, Emerald Coastkeeper, Galveston Baykeeper, Louisiana Bayoukeeper, Louisiana Environmental Action Network, Paul Orr, and Waterkeeper Alliance*

cc:

Administrator Lisa P. Jackson
U.S. Environmental Protection Agency
Headquarters
1200 Pennsylvania Avenue, N.W.
Mail Code: 1101A
Washington, DC 20460

Gwendolyn Keyes Fleming
Regional Administrator
US EPA, Region 4
Sam Nunn Atlanta Federal Center
61 Forsyth Street, SW
Atlanta, GA 30303

Al Armendariz, Regional Administrator
Environmental Protection Agency
EPA Region 6 Main Office
1445 Ross Avenue

Herschel T. Vinyard, Jr., Secretary
Florida Department of Environmental Protection
3900 Commonwealth Boulevard M.S. 49
Tallahassee, FL 32399-3000

Peggy Hatch, Secretary
Louisiana Department of Environmental Quality
P.O. Box 4301
Baton Rouge, LA 70821-4301

Trudy Fisher, Executive Director
Mississippi Department of Environmental Quality
P.O. Box 2261
Jackson, MS 39225

Mark. R. Vickery, Executive Director, Mail Code 109
TCEQ
P.O. Box 13087
Austin, TX 78711-3087

101-127

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *B. Hicknall*
☐ Agent
☐ Addressee

B. Received by (*Printed Name*)
*B. HICKNALL*
C. Date of Delivery
*8/5/11*

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Taylor Energy c/o P.S. Goodwine
Stattery Marino + Roberts
1100 Poydras St
Suite 1800
New Orleans, La 70163

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)   ☐ Yes

2. Article Number
(*Transfer from service label*)
7003 2260 0004 5942 7809

PS Form 3811, February 2004   Domestic Return Receipt   *101-127*   102595-02-M-1540