UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| APALACHICOLA RIVERKEEPER, ET AL. | CIVIL ACTION |
| VERSUS | NO: 12-0337 |
| TAYLOR ENERGY COMPANY, L.L.C. | SECTION: "E" (4) |

## ORDER

Before the Court is Apalachicola Riverkeeper,[1] Atchefalaya Basinkeeper,[2] Galveston Baykeeper,[3] Louisiana Bayoukeeper,[4] Louisiana Environmental Action Network,[5] Waterkeeper Alliance,[6] Lower Mississippi Riverkeeper, Inc.[7] (collectively, the "Waterkeepers")'s[8] **Motion to**

---

[1] Apalachicola Riverkeeper is a nonprofit corporation organized under the laws of Florida.  (R. Doc. 29, p. 4).

[2] Atchefalaya Basinkeeper is a nonprofit corporation organized under the laws of Louisiana.  (R. Doc. 29, p. 4).

[3] Galveston Baykeeper is a nonprofit corporation organized under the laws of Texas.  (R. Doc. 29, p. 5).

[4] Louisiana Bayoukeeper is a nonprofit corporation organized under the laws of Louisiana.  (R. Doc. 29, p. 5).

[5] Louisiana Environmental Action Network is a nonprofit corporation organized under the laws of Louisiana. (R. Doc. 29, p. 5).

[6] Waterkeeper Alliance is a nonprofit corporation organized under the laws of New York.  (R. Doc. 29, p. 6).

[7] Lower Mississippi Riverkeeper is a program of and an association within the Louisiana Environmental Action Network.  (R. Doc. 29, p. 5).

[8] The parties bringing the instant motion are referred to here as "Waterkeepers" and not "plaintiffs" because although the entities listed above reflect those parties who noticed the motion for submission, they do not represent all of the plaintiffs. (R. Doc. 33-4, p. 1). In the Complaint Plaintiffs also included Paul Orr "in his capacity as the Lower Mississippi Riverkeeper." (R. Doc. 1-1, p. 1). The Complaint has been subsequently amended twice, with "Apalachicola Riverkeeper, et al." listed as the plaintiff. (R. Docs. 8, 29). According to the docket, Orr is still listed as an active plaintiff in the case. Orr is not listed on the instant filing.

**Commence Discovery (R. Doc. 33)**, requesting an Order from this Court compelling Defendant, Taylor Energy Company, L.L.C., ("Taylor") to comply with its purported obligations to commence discovery under Federal Rule of Civil Procedure ("Rule") 26(f). The motion is opposed. (R. Doc. 38). The motion was heard on the briefs on July 11, 2012.

I. **Background**

This is a citizen enforcement suit brought by plaintiffs pursuant to the Clean Water Act ("CWA") and the Resource Conservation Recovery Act ("RCRA"). (R. Doc. 29, p. 1). Plaintiffs allege that in 2004, an underwater mudslide in the Gulf of Mexico damaged an undetermined number of wells owned by Taylor, which caused the wells to begin to discharge oil. *Id.* at 2.[9] The damage has not been adequately repaired, and as a result the spill has been ongoing since 2004. *See id.*

Plaintiffs allege that Taylor has violated the CWA for discharge of oil without a permit (Count 1); violated the CWA for discharge of oil in violation of a permit (Count 2); and violated the RCRA (Count 3) (R. Doc. 29, pp. 13-15). Plaintiffs have requested declaratory and injunctive relief, as well as an award of monetary damages made payable to the U.S. Treasury. (R. Doc. p. 15).[10] The Plaintiffs filed their original Complaint on February 2, 2012. (R. Doc. 1). They filed their First Amended Complaint on March 3, 2012, (R. Doc. 8), and a Second Amended Complaint on June 8, 2012. (R.

---

[9]In its Second Motion to Dismiss, Taylor argues that it owned several Gulf-centered federal oil and gas leases, including Mississippi Canyon Block 20 and 21. (R. Doc. 37-1, p. 7). Taylor argues that it operated 25 actives wells on the these blocks, which were connected a surface platform; the 2004 mudslide not only severed Taylor's wells from the platform and buried them under an average of 150 feet of mud, but also destroyed and sank the platform itself. *Id.*

[10]Although not relevant for purposes of the instant motion, plaintiffs have requested (A) a declaration that Taylor is in violation of the CWA; (B) a declaration that oil leaking from the Taylor well(s) may present an imminent and substantial endangerment to health or the environment; (C) an injunction restraining Taylor from leaking, discharging, or disposing of oil from the Taylor well(s) into the Gulf of Mexico; (D) an award of civil penalties for each day Taylor violates the CWA until such time as it shuts down all leaking wells, up to $37,500 per day; (E) an award of civil penalties for violation of the CWA from January 13, 2009 to the present, up to $37,500 per day; (F) an award of civil penalties for violation of the CWA from February 2, 2007 to January 12, up to $32,500 per day; (G) an award of litigation costs, including attorney and expert witness fees; and (H) any other relief which the Court may deem appropriate. (R. Doc. 29, p. 15).

Doc. 29).

In their Second Amended Complaint, Plaintiffs allege that their members use and enjoy waters of the Gulf of Mexico, but Taylor's discharges into waters of the Gulf of Mexico cause and contribute to impairment of members' use and enjoyment of those waters. *Id.* at 6. They allege that their members' injuries are fairly traceable to Taylor's failure to stop the leaking of oil from its well(s). *Id.* at 7. Attached to the Second Amended Complaint were affidavits from members of the Louisiana Environmental Action Network (R. Docs. 29-1 29-2, 29-5); the Lower Mississippi Riverkeeper (R. Doc. 29-2),[11] the Waterkeeper Alliance (R. Docs. 29-2, 29-6),[12] and the Apalachiocola Riverkeeper (R. Docs. 29-3, 29-4).

In response to the original complaint, Taylor moved to dismiss on April 25, 2012 on the issue of standing. (R. Doc. 15).[13] Taylor also filed its Motion to Dismiss the Second Amended Complaint on June 26, 2012, again arguing that the Plaintiffs lacked standing. (R. Doc. 37). Plaintiffs filed an opposition on July 24, 2012. (R. Doc. 48). Taylor's Motion to Dismiss is pending before the presiding

---

[11]This Affidavit, submitted by Paul Orr, states that "I am currently the Lower Mississippi Riverkeeper, a position I have held for nearly 8 years." (R. Doc. 29-2, p. 1).

[12]Orr also states that "As the Lower Mississippi Riverkeeper, I act as a waterkeeper in the Waterkeeper Alliance." (R. Doc. 29-2, p. 2). Similarly, the Affidavit of Justin Bloom states that "I am the Eastern Regional Director of the Waterkeeper Alliance." (R. Doc. 29-6, p. 1). The Bloom Affidavit also states that "Waterkeeper Alliance has several member organizations involved in the cleanup and recovery efforts following the . . . BP oil disaster . . . including the Apalachiocola Riverkeeper, the Atachafalaya Baykeeper, the Louisiana Bayoukeeper, the Lower Mississippi Riverkeeper, and the Galveston Baykeeper." *Id.* at 2. However, the Bloom Affidavit does not state that he is himself a member of either the Atachafalaya Baykeeper, the Louisiana Bayoukeeper, or the Galveston Baykeeper, and affidavits stating that members of those groups have been directly harmed do not appear to have been submitted elsewhere in the record.

[13]Taylor also alleged that the Waterkeepers failed to state a claim under either CWA or RCRA, and that even if the Waterkeepers' claim is not dismissed, the Court should stay the Complaint in deference to the experience of the Coast Guard and the Unified Command, which Taylor argues have been responding to the spill. *Id.* at 16-25.

District Judge.[14]

As to the instant motion, the Waterkeepers have moved the Court to compel Taylor to commence discovery. (R. Doc. 33). In opposition, Taylor admits that it has to this point refused to engage in a Rule 26(f) discovery conference, but claims that it need not respond due to the pendency of its Motion to Dismiss. (R. Doc. 38, p. 3). The Waterkeepers filed a reply brief, in which they indicate that Taylor has cited no case law which permits a "blanket" stay of discovery where a party refuses to participate in a Rule 26(f) conference. (R. Doc. 46, p. 1).

## II. Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B),[15] or when authorized by these rules . . . or by court order." *Id.* Thus, a party may not seek discovery from any source before the parties have conferred and submitted a discovery plan as required by Rule 26(f). Rule 26(f) requires the parties to confer "as soon as practicable - in any event at least 21 days before a scheduling conference is to e held or a scheduling order is due under Rule 16(b)." *Id.* at 26(f)(1).

Under Rule 37, "[i]f a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay any other party the reasonable expenses, including attorney's fees, caused by the failure." *Id.* at 37(f).

---

[14] On June 8, 2012, the Court ordered the Plaintiffs to amend their Complaint to address the issues of standing raised in Taylor's Motion to Dismiss, and the Plaintiffs did so. (R. Doc. 28, p. 2; R. Doc. 29). Therefore, the Court need not describe the details of Taylor's First Motion to Dismiss; the details of Taylor's Second Motion to Dismiss will be addressed below.

[15] The types of actions applicable to this exception do not include declaratory judgment actions brought under 9 U.S.C. § 2209, or actions brought under the CWA or RCRA.

**III.     Analysis**

In their Motion, the Waterkeepers argue that although Federal Rule of Civil Procedure ("Rule") 26(f) requires the parties to conduct a discovery conference "as soon as practicable," Taylor refuses to confer. (R. Doc. 33-1, p. 1). The Waterkeepers argue that over 130 days passed between the time they filed their original Complaint and the instant motion to compel, and that although Taylor has a pending motion to dismiss, Taylor will not be prejudiced by permitting discovery. *Id.* at 2. The Waterkeepers also argue that the questions they have asked - such as "[h]ow many of the wells . . . are still leaking oil?"are essential to establishing their case, but Taylor asserts that the information is confidential. *Id.* at 2 & nn.3-5. They further argue that they have been requesting this information from Taylor since before the instant suit was filed. *Id.* at 3 & n.7.

The Waterkeepers argue that Taylor's failure to respond to the 26(f) conference will prejudice their defense of Taylor's Motion to Dismiss, because "without discovery, [they] have no adequate means of investigating Taylor's assertions about its alleged on-going remediation and response activities." (R. Doc. 33-1, p. 2). They further argue that Taylor has made factual representations about its on-going remediation activities in its motion to dismiss. *Id.* at 2.[16] The Waterkeepers further argue that the federal rules "do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. Indeed, district courts look unfavorably upon such blanket stays of discovery." *Id.* at 3 (citing *Mlejnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743, at *5-6 (E.D. Cal. 2011)).

In opposition, Taylor concedes that to date it has failed to participate in a Rule 26(f)

---

[16]Here, the Waterkeepers cite to Taylor's Motion to Dismiss, which in turn states in its argument that the Waterkeepers lack standing that "[t]he relief Plaintiffs seek is already being provided by the Coast Guard and the other Unified Command federal agencies, and Plaintiffs do not allege the Unified Command's response plan is inadequate, nor suggest any alternative." (R. Doc. 15-1, p. 18).

conference. (R. Doc. 38, p. 5). However, it argues that at this point engaging in discovery is premature according to Local Rule 26.2, because there has been no Rule 16(b) scheduling conference filed in this case, and by extension no set deadline by which Taylor would be obligated to respond to a Rule 26(f) conference. *Id.* at 2-3.

Taylor also argues that the court has broad discretion to stay discovery while a dispositive motion is pending. *See id.* at 4 (citing, e.g., *Reich Album & Punkett, L.L.C. v. Wheat, Opperman & Meeks, P.C.*, No. 06-10850, 2007 WL 1655677, at *3 (E.D. La. June 4, 2007) (Roby, M.J.) (finding that, in case subject to motion to dismiss for failure to meet amount-in-controversy requirement, deposition of party who would speak to party's meeting this requirement should go forward where no formal 26(f) conference had been scheduled, but some communication had occurred between the parties). However, Taylor argues that standing is a "threshold issue" that will be addressed before other substantive issues raised by Taylor's first motion to dismiss. (R. Doc. 38, p. 1). According to Taylor, because a determination on the legal merits of the claim should precede discovery, the Waterkeepers have effectively requested that discovery begin prior to a Rule 26(f) conference. *Id.* at 2. To obtain discovery in these circumstances, Taylor argues that the Waterkeepers would have to demonstrate "good cause," which they have failed to do. *Id.* at 8.

The Waterkeepers filed a brief Reply motion, in which they argue that Taylor has cited no rule of law or case that authorizes its refusal to confer, and that neither party has identified a court which rewarded a party's refusal to confer with a blanket stay of discovery. (R. Doc. 46, p. 1). The Waterkeepers also argue that Taylor has alleged facts in its June 22, 2012 Motion to Dismiss regarding "on-going remediation and response activities," which the Waterkeepers cannot currently investigate because only Taylor has access to those materials. *Id.* at 2.

### A. <u>Good Cause</u>

The definition of "good cause" is circumstantial, with the central issue whether "in consideration of the administration of justice, outweighs the prejudice to the responding party." *Energy Production Corp. V. Northfield Insurance Co.*, No. 10-0933, 2010 WL 3184232, at *1-*3 (E.D. La. Aug, 6, 2010) (Roby, M.J.) (finding that good cause for engaging in pre-26(f) discovery did not exist where party sought to discover information to confirm that diversity between the parties existed); *see James v. Branch*, No. 07-7614, 2008 WL 4808898, at *3 (E.D. La. Oct. 31, 2008) (Roby, M.J.) (finding that *pro se* plaintiff was entitled to discovery requests where the requests sought to establish location of defendant for purposes of serving Complaint, in part because the Court could not set a Rule 16(b) conference until the issue was joined).

In the Fifth Circuit, stays of discovery have been upheld where the requested discovery was not relevant to a party's defense of a pending dispositive motion. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Conversely, "[c]ourts have cautioned that a stay of all discovery is not appropriate when it could prevent a party from having a sufficient opportunity to develop a factual base for defending against a dispositive motion." *Reich Album & Punkett, L.L.C.*, 2007 WL 1655677, at *3. The discovery requested must be relevant to a party's defense of the motion. *Dubois v. Louisiana Publishing, Inc.*, No. 05-4139, 2006 WL 4050792, at *2-*3 (E.D. La. Aug. 8, 2006) (Roby, M.J.) (granting discovery notwithstanding lack of 26(f) conference in employment discrimination case, where motion to dismiss was premised on failure of defendant employer to have the requisite number of employees, and defendant requested discovery from various entities concerning (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common

ownership or financial control).[17]

Here, since the instant motion references the fact that a dispositive motion is pending, the Waterkeepers have established that the circumstances of this case fit the type of circumstance in which "good cause" for expedited discovery exists.

### B.     Whether "Good Cause" Exists for Purposes of the Pending Motion

The issue is now whether the Waterkeepers' proposed discovery, as stated, is both sufficiently particularized and relevant to its defense against Taylor's Motion to Dismiss.

Taylor's 12(b)(6) motion argues that the Plaintiffs, or several of them, have the requisite standing to bring this claim. Resolution of this "threshold issue" in turn requires Plaintiffs to sufficiently allege the existence of (1) an injury which is (a) concrete and particularized, and (b) actual or imminent; (2) establish a "causal connection between the injury and the conduct complained of;" and (3) show that the likelihood that a favorable decision will redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Here, the issue of the sufficiency of the Waterkeepers' claims to meet the standing requirements of *Lujan* and its progeny is not before the Court.[18] However, even assuming *arguendo*

---

[17]In this case, however, there are several distinguishing characteristics. First, the district court had already granted the Defendant an extension of time to file the Complaint. *See id.* at *2. Second, the parties had previously agreed to limit the scope of discovery. *Id.*

[18]The standing requirement under *Lujan* requires "more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Id.* at 563 (citing *Sierra Club v. Morton*, 405 U.S. 727, 734 (1972). For a special interest group to meet this requirement, it must "submit affidavits or *other evidence* showing, through specific facts . . . that one or more of respondents' members would be . . . directly affected apart from their special interest in the subject." *Id.* At the 12(b)(6) stage, standing may be established through "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Bennett v. Spear*, 520 U.S. 154, 168 (1997) (finding that as to ranchers' allegation that amount of available water would be reduced by specific government action, "it is easy to presume specific facts under which petitioners will be injured."). Indeed, other federal courts which have considered *Lujan*'s requirements in light of discovery stays have found that such stays do not prejudice a litigant, because that litigant "is only required to generally allege a redressable injury caused by the actions of [the party] about which it complains." *Miccosukee Tribe of Indians of Florida v. Southern Everglades Restoration Alliance*, 304 F.3d 1076, 1081 (11th Cir. 2002) (citing *Lujan*, 504 U.S. at 561).

that the Waterkeepers still require some discovery to successfully defeat Taylor's motion to dismiss for lack of standing, their request must be denied as overbroad. Although the Waterkeepers have alluded to several areas of inquiry that might be helpful in establishing standing, they have not propounded a request upon Taylor which is tailored to satisfying this objective, nor otherwise informed the Court as to what specific type of discovery would aid in their defense of Taylor's motion.[19] Without such detail, the Waterkeepers have not shown the "good cause" necessary to permit the Court to contravene the customary requirements of Rule 26(f).

### IV.   Conclusion

Accordingly,

**IT IS ORDERED** that the Waterkeepers' **Motion to Commence Discovery (R. Doc. 33)** is **DENIED**.

New Orleans, Louisiana, this 2nd day of October 2012.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[19] Admittedly, in *Reich Album & Punkett, L.L.C.* the Court noted that the parties had clearly engaged in some communication regarding discovery, if not a formal Rule 26(f) conference. *See id.* at *2. In this case, the Waterkeepers point to several pieces of information in the record which indicate that, prior to filing suit, parties who eventually became plaintiffs in this suit contacted Taylor and requested certain documents. *See* (R. Doc. 33-1, p. 2, nn 4-5) (citing R. Doc. 22-10, 22-11, and 15-4). 22-10, for example, is a January 24, 2012 letter from the Tulane Environmental Law Clinic to a "Paul J. Goodwine" re "Taylor Well," which states "Thank you for agreeing to meet with us last week." 22-11 is a January 30, 2012 letter from the law firm of Slattery, Marino & Roberts to the Tulane Environmental Law Clinic, which references "our meeting last week." However, the letter in response states "[y]ou apparently misunderstood our intent in relation to questions we felt we could answer. We clearly stated that no information on operational details could or would be provided." *Id.* at 1. 15-4 is a copy of a case filed against Taylor by the U.S. Department of the Interior. This case is distinguishable from the circumstances in *Punkett*, however, in that the conversations regarding discovery were quickly refuted, and preceded the actual filing of this suit.