UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| APALACHICOLA RIVERKEEPER, ET AL., | * | CASE NO.: 2:12CV00337-SM-KWR |
| Plaintiffs, | * | |
| | * | SECTION E; MAGISTRATE 4 |
| VERSUS | * | |
| | * | JUDGE MORGAN |
| TAYLOR ENERGY COMPANY LLC, | * | |
| Defendant. | * | MAGISTRATE JUDGE ROBY |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## STIPULATED PROTECTIVE ORDER

**IT IS HEREBY STIPULATED** by and between Plaintiffs Apalachicola Bay and Riverkeeper, Inc., Waterkeeper Alliance, Inc., and the Louisiana Environmental Action Network, Inc.; and Defendant Taylor Energy Company LLC, (collectively "parties") as follows:

**WHEREAS,** pursuant to Ru1e 26(c) of the Federal Rules of Civil Procedure, documents and information produced or exhibited by and among the parties to this action relating to trade secrets and other confidential research, development, marketing, pricing, financial information or commercial information, as well as information subject to confidentiality agreements with third parties are deemed confidential.

**WHEREAS**, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, documents and information produced or exhibited by and among the parties to this action relating to patented or trade secret technologies, including studies, research, and the licensing of those technologies, are deemed highly confidential.

**THEREFORE,** an Order protecting such confidential and highly confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony and/or information produced or given in this action that are designated to be subject to this Order.

2. Any party or non-party (collectively, "person" or "persons") producing or filing documents in this action that have been deemed confidential for the reasons set forth in the preamble may designate such documents and the information contained therein as subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential." Any person producing or filing documents in this action that have been deemed highly confidential for the reasons set forth in the preamble may designate such documents and the information contained therein as subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Restricted." If the document or information is not in paper form, the producing person shall use other such reasonable means as necessary to identify clearly the document or information as "Confidential" or "Restricted."

    a. During the time that information or documents designated as "Confidential" are disclosed in a deposition or hearing, any party shall have the right to exclude, from only the portion of the deposition or hearing during which the "Confidential" information or documents are discussed, (1) any person not authorized to view such information under Paragraph 3 of this order; and (2) any person who has not or will not expressly agree to be bound by this Order. Appropriate sections of deposition or hearing transcripts may be designated "Confidential" by any person objecting on the record and stating their intention to so designate the section of the deposition or transcript at the time of the deposition. If no objection is made on the record, the objection to confidentiality is

waived. A party may challenge the objection of confidentiality by motion, which must be filed within thirty (30) days. If no motion is filed within thirty (30) days, the challenge to the objection of confidentiality is waived. All persons shall treat as "Confidential" the portion of the transcript containing an objection of confidentiality unless and until the Court has overruled the objection by the above-described motion procedure.

b. During the time that information or documents designated as "Restricted" are disclosed in a deposition or hearing, any party shall have the right to exclude, from only the portion of the deposition or hearing during which the "Restricted" information or documents are discussed (1) any person not authorized to view such information under Paragraph 4 of this order; and (2) any person who has not or will not expressly agree to be bound by this Order. Appropriate sections of deposition or hearing transcripts may be designated "Restricted" by any person objecting on the record and stating their intention to so designate the section of the deposition or transcript at the time of the deposition. If no objection is made on the record, the objection to "Restricted" confidentiality is waived. A party may challenge the objection of "Restricted" confidentiality by motion, which must be filed within thirty (30) days. If no motion is filed within thirty (30) days, the challenge to the objection of confidentiality is waived. All persons shall treat as "Restricted" the portion of the transcript containing an objection of "Restricted" confidentiality unless and until the Court has overruled the objection by the above-described motion procedure.

c. The inadvertent delivery of documents and information that could properly be designated as "Confidential" or "Restricted" shall be without prejudice to the producing person. The producing party shall have a ninety (90) day period from the date of

3

production to designate such documents and information as "Confidential" or "Restricted."

d. The parties have agreed that inadvertent production of documents or information subject to the attorney-client privilege or work-product immunity (despite the parties' reasonable efforts to prescreen such documents and information prior to production) does not waive the attorney-client privilege or work-product immunity if a request for return of such documents or information is made within five (5) business days after the producing person learns of its inadvertent production. The receiving person shall return such documents or information subject to protection under the attorney-client privilege or work-product immunity within ten (10) business days of the written notice from the producing person.

3. Any documents, discovery responses, testimony, materials or information designated or marked "Confidential" may be disclosed by the receiving party only to the following persons who have read this Order and have agreed to abide by its terms by signing a copy of the attached "Certification", receiving party is hereby enjoined from disclosing and/or disseminating same to any other person except as provided herein, and said "Confidential" material may be used only for the purpose of this litigation and in preparation for trial:

a. The attorneys of record for the receiving party, including student attorneys and others employed by or associated with them to whom the attorneys of record reasonably believe it necessary to show the documents for purposes of this litigation, including without limitation, outside attorneys assisting in the prosecution or defense of this action, employees of the attorneys of record or assisting outside attorneys, legal support service personnel and their employees;

4

    b.    The parties' independent experts and consultants and their employees;

    c.    The parties, including their officers, directors, attorneys and employees to whom it is necessary that the documents be shown for purposes of this litigation; and

4.    Any documents, discovery responses, testimony, materials or information designated or marked "Restricted" may be disclosed by the receiving party only to the following persons who have read this Order and have agreed to abide by its terms by signing a copy of the attached "Certification", receiving party is hereby enjoined from disclosing and/or disseminating same to any other person except as provided herein, and said "Restricted" material may be used only for the purpose of this litigation and in preparation for trial:

    a.    The attorneys of record for the receiving party, including student attorneys and others employed by or associated with them to whom the attorneys of record reasonably believe it necessary to show the documents for purposes of this litigation, including without limitation, outside attorneys assisting in the prosecution or defense of this action;

5.    The parties shall refer to the procedure set forth in this Court's standing Order referred to as Procedure for Filing Documents Under Seal In Civil Cases. The parties shall file all documents identified or marked "Confidential" or "Restricted" under seal in accordance with the Court's standing Order unless prior consent is received from the producing party.

6.    Any party seeking to disclose any "Restricted" material to testifying witnesses who are not defined in this Protective Order in Paragraph 4 must seek relief from the Court within ten days prior to the intended disclosure. The notice shall give the name of the witness and a description sufficient to identify the "Restricted" material (e.g. the bates numbers). If the designating party objects to the disclosure, it shall file an objection with the Court within five business days of the notice. In the event that no objection is filed, then the Party intending to use

5

such "Restricted" material shall supply this Order to the witness and obtain his or her execution of the attached Certificate before disclosing the "Restricted" material to that witness. In the event that an objection is filed, the parties shall not disclose the "Restricted" material to the witness until the Court has issued an order allowing such disclosure.

7. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to all testimony) shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes, or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.  Except with the prior written consent of the individual or entity asserting confidential treatment, or pursuant to prior order of the Court after notice, any document, transcript or pleading given "Confidential" or "Restricted" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition or hearing testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order.

8. Nothing in this Order shall prevent a party from using at trial, at deposition or any hearing, any information or materials designated "Confidential" or "Restricted", provided such use is consistent with Paragraph 5 and the procedural requirements of This Order.

9. No later than sixty (60) days of the conclusion of this action and following a written request by the designating person, all documents, transcripts, or other materials (including copies) afforded "Confidential" or "Restricted" treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, shall be returned to the person who produced or furnished them.  This Paragraph will not prevent the party returning the

"Confidential" or "Restricted" materials from redacting information on copies of the "Confidential" or "Restricted" materials which in the good faith judgment of counsel constitutes work product.

10. If at any time any party having possession, custody, or control of "Confidential" or "Restricted" materials is served with a subpoena or other process by any court, administrative agency, legislative body, or other legal authority purporting to have authority to compel the production of such information, the person to whom the subpoena or other process is directed shall provide written notice to the counsel for the party that had designated the materials as "Confidential" or "Restricted" within ten business days of receiving the subpoena or not less than five business days prior to producing the "Confidential" or "Restricted" Material, whichever is earlier.

11. If any party disputes any designation of material as "Confidential" or "Restricted, the parties involved will first make a reasonable effort to resolve the dispute without intervention of the court. If the dispute cannot be resolved, a party may challenge the assertion of material as "Confidential" or "Restricted," by filing a motion with the court. Any challenge to a designation of "Confidential" or "Restricted" must be made before the close of discovery as set forth in this Court's Scheduling Order. If the challenge is not made within this timeframe, the right to challenge the assertion of documents as "Confidential" or "Restricted" is waived.

12. Parties in receipt of "Confidential" or "Restricted" material and counsel for parties agree to maintain all such material provided under this Order in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use, and/or dissemination of such material to prevent against unauthorized access or distribution by individuals who have not signed the Certification. Counsel for the parties agrees to keep a

written log (including dates, times, and duration) of all individuals, including student attorneys, who access any Materials designated as "Restricted."

13. If any party or any other person or entity subject to this Order violates same, then the producing party shall be entitled to seek legal or equitable remedies to obtain relief or enforce its rights. Each individual who receives any "Confidential" or "Restricted" Material including attorneys, student attorneys, and other individuals no longer associated with the case, hereby agrees to subject himself/herself to the jurisdiction of the United States District Court for the Eastern District of Louisiana for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

## E-DISCOVERY

14. The parties are aware of and have consulted with each other regarding their obligation to preserve documents and electronically stored information that may be relevant to this litigation. Where reasonable, rather than native format, electronic documents may be produced to the requesting party as PDF images. Each page will be electronically endorsed with an identification number (for example "PROD000001"). Exceptions to image production may include Excel spreadsheets, databases, maps, or other documents, including those with color that are not easily convertible or usable in image files but that are otherwise viewable without purchasing or licensing proprietary software. At the request of either party, these documents will be produced in the native format (although, if and to the extent the native document includes some information that is privileged and exempt from discovery, the parties may need to negotiate appropriate arrangements to protect such information before the native file is produced). Where applicable, the producing party must preserve the integrity of electronic documents' contents, e.g., the original formatting, metadata and revision history. After initial production in

predominantly image file format is complete, a party may make a reasonable request for production of specific electronic documents in native format and the producing party will not unreasonably withhold the native files.

15. The primary source of electronically stored information for production should be active data and information. Resorting to disaster recovery backup tapes and other sources of electronically stored information that are not reasonably accessible requires the requesting party to demonstrate need and relevance that outweigh the costs and burdens of retrieving and processing the electronically stored information from such sources, including the disruption of business and information management activities.

16. Cost shifting/co-pay rules, including the allocation of costs of the access to and production of electronically stored information: The costs of preserving, collecting, and producing electronically stored information shall be borne by the producing party with respect to the initial search of electronically stored information. To the extent a party requests any particular electronically stored information, the parties agree to comprise a list of appropriate search terms, with appropriate document extensions and domain names, with respect to the initial search of electronically stored information.

17. The parties agree to return any information deemed privileged contained in the data sets and inadvertently produced and delete any electronically stored copies of this information.

18. This Order is binding upon the parties to this action, their officers, agents, servants, employees, attorneys and paralegals, and upon those persons, including without limitation, outside experts, in active concert or participation with them who receive actual notice

of this Order by personal service or otherwise. The Court retains jurisdiction over all such persons for the purpose of enforcing this Order.

19. This Order is without prejudice to any party's right, if any, to assert the attorney-client, work-product, or other privileges or doctrines.

Approved as to form and content:

| | |
|---|---|
| s/ *William E. Sparks* | s/ *Machelle Hall* |
| Michael L. Beatty | Machelle Hall |
| Bret A. Sumner | |
| William E. Sparks | Tulane Environmental Law Clinic |
| Beatty & Wozniak, P.C. | |
| | *Attorneys for Apalachicola Bay and River Keeper, Inc., Waterkeeper Alliance, Inc., and the Louisiana Environmental Action Network, Inc.* |
| Slattery, Marino & Roberts | |
| | |
| s/ *Taylor P. Mouledoux* | |
| Paul J. Goodwine, T.A. (La. Bar Roll No. 23757) | |
| Taylor P. Mouledoux (La. Bar Roll No. 31889) | |
| 1100 Poydras Street, Suite 1800 | |
| New Orleans, Louisiana  70163 | |
| Telephone:  504-585-7800 | |
| Telecopier:  504-585-7890 | |

*Attorneys for Taylor Energy Company LLC*



**SO ORDERED AND ADJUDGED**, New Orleans, Louisiana, this __5th__ day of ____January____, 2014.

_____
Karen Wells Roby
U.S. Magistrate Judge