## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**APALACHICOLA RIVERKEEPER,**                         **CIVIL ACTION**
   **Plaintiff**

**VERSUS**                                                    **NO. 12-337**

**TAYLOR ENERGY**                                       **SECTION "E" (4)**
**COMPANY L.L.C., ET AL.,**
   **Defendants**

### ORDER

Before the Court is Defendant's Motion to Appeal[1] the magistrate judge's Order[2] granting Plaintiffs' motion to lift confidentiality designations.[3]  The parties in this case consented to a blanket protective order, which the Court signed on January 6, 2014.[4] Among other things, the protective order allows the parties to designate documents— including deposition transcripts—as "confidential" or "restricted."[5]  The parties may challenge a designation by filing a motion within thirty days of the designation.[6]

Defendant designated as confidential several portions of the deposition transcript of its Rule 30(b)(6) representative, William Pecue.  Plaintiff challenged the designations in a motion before the magistrate judge.  Following oral argument, the magistrate judge granted the motion and vacated the confidentiality designations on p. 16, ln. 4 through p. 35, ln. 5, and p. 37, ln. 25 through p. 44, ln. 5.  Taylor appealed to the district court.

With the consent of the presiding district judge, a magistrate judge may

---

[1] R. Doc. 213
[2] R. Doc. 179.
[3] R. Doc. 131.
[4] R. Doc. 95.
[5] *Id.* at ¶2a.
[6] *Id.*  Although Plaintiffs' motion was not filed timely, the magistrate judge found it was not deficient under the circumstances.  *See* R. Doc. 179, p. 5–6.  Defendant has not challenged this finding.

adjudicate non-dispositive pre-trial motions.[7]   The magistrate judge is afforded broad discretion in resolving such motions.[8]   The district judge may reverse only if the ruling is "clearly erroneous or contrary to law."[9]   In order to meet this high standard,[10] the district judge must be "left with a definite and firm conviction that a mistake has been committed."[11]

Judge Roby's ruling was neither clearly erroneous nor contrary to law.   Once Plaintiffs contested the confidentiality designations in Mr. Pecue's deposition, Defendant bore the initial burden of demonstrating good cause for maintaining the designations. The magistrate judge reviewed the transcript and concluded "the deponent's statements are general factual testimony[,] and . . . the statements do not contain commercially sensitive information that requires the protections of Rule 26(c)."[12]   Having reviewed the same transcript, the Court finds this conclusion was not clearly erroneous.

Defendant also contends the magistrate judge erred because Plaintiffs violated the protective order by failing to meet and confer before filing their motion to challenge.[13]   Citing a different paragraph in the protective order, Plaintiffs contend this procedure is inapplicable when a party challenges the designations in a deposition transcript.[14]   The protective order is admittedly ambiguous on the meet-and-confer requirement.   The Court finds the competing interpretations offered by both parties are

---

[7] 28 U.S.C. § 636(b)(1)(A).

[8] *McCallon v. BP Am. Prod. Co.*, Nos. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov.8, 2006).

[9] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

[10] Defendant concedes this high burden of proof.   *See* R. Doc. 213-1, p. 5 ("Taylor acknowledges that the standard on a Rule 72(a) motion is highly deferential.").

[11] *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).

[12] R. Doc. 179, p.8.

[13] *See* R. Doc. 95, ¶11.

[14] *See id.* at ¶2a.

reasonable.  The magistrate judge sided with Plaintiffs.  This decision was neither clearly erroneous nor contrary to law.[15]  Nonetheless, the better practice going forward is for the parties to meet and confer before filing any motion related to the protective order.

The Court notes in passing that Defendant has not argued—either before this Court or before the magistrate judge in the first instance—that evidence admissible at trial[16] is subject to protection during discovery.  The Court will not consider this argument *sua sponte*.

**CONCLUSION**

For the reasons previously stated;

**IT IS ORDERED** that the Motion is **DENIED**, and the magistrate judge's decision is **AFFIRMED**.

**New Orleans, Louisiana, this 8th day of June, 2015.**

_____

**SUSIE MORGAN**

**UNITED STATES DISTRICT JUDGE**

---

[15] Even if Plaintiffs violated the meet-and-refer requirement, the magistrate judge was within her discretion to consider Plaintiffs' motion on the merits.  The protective order does not provide a specific remedy for a violation of the meet-and-refer requirement.  Moreover, the magistrate judge noted in her Order that "*both* sides have not fully complied with the terms of the Protective Order."  R. Doc. 179, p. 5–6 (emphasis added).  Defendant has not disputed this finding.

[16] Taylor concedes the challenged deposition testimony is relevant to the parties' claims and defenses.  *See* R. Doc. 213-1, p.6.