UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **APALACHICOLA RIVERKEEPER, ET AL.,**    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-337** |
| **TAYLOR ENERGY COMPANY L.L.C.,**    Defendant | **SECTION "E" (4)** |

## ORDER

Before the Court is Taylor's Motion for Summary Judgment on RCRA.[1] Taylor seeks summary judgment on two grounds. First, Taylor argues the RCRA does not apply to this action as a matter of law. Second, and in the alternative, Taylor argues the summary judgment record is clear that Plaintiffs cannot prevail on the merits. The Court addresses these arguments *seriatim*.

## I. Applicability of RCRA

Taylor argues the RCRA is not the proper statute for challenging the offshore oil discharges alleged in this case. Taylor offers three arguments in support. First, "the terminology and specifics of RCRA make clear that it is not designed for the purposes that [Plaintiffs] seek to utilize it in this case."[2] As a preliminary matter, it is unclear whether Taylor argues the RCRA does not apply as a matter of law or instead attempts to invoke some inherent abstention power of this Court.[3] Nonetheless, because Plaintiffs have stated a facially plausible claim under the RCRA,[4] this Court is now subject to the "virtually unflagging obligation of the federal courts to exercise the

---

[1] R. Doc. 261.
[2] R. Doc. 261-1, p. 3.
[3] It is also unclear why Taylor did not raise this argument over three years ago when suit was filed.
[4] *See* R. Doc. 81.

1

jurisdiction given them."[5]  Taylor cites no authority to establish that the Court cannot entertain Plaintiffs' RCRA claims as a matter of law or that the Court has discretion to decline to hear them.

Second, Taylor argues this citizen suit is inappropriate, because the Administrator of the EPA bears the chief responsibility for enforcing RCRA.  Even accepted as true, this premise does not support dismissal.  As this Court previously recognized, "Congress expressly defined the limited circumstances under which . . . RCRA [citizen] suits may be barred."[6]  None of these circumstances is present in this case.  Taylor's argument essentially reads the citizen-suit provision out of the RCRA in direct contravention of Congressional intent.

Third, Taylor argues the RCRA claim is duplicative of Plaintiffs' CWA claim.  In support of this argument, Taylor cites Section 6905(b) of the RCRA, which requires "[t]he Administrator . . . [to] avoid duplication, to the maximum extent practicable" between RCRA regulation and government regulation under, *inter alia*, the CWA.[7]  As a preliminary matter, this provision is directed to the Administrator of the EPA, and Taylor cites no precedent for applying it to a citizen suit.  More importantly, the defendant bears the burden of establishing the RCRA anti-duplication provision applies.[8]  Taylor's *ipse dixit* falls well short of carrying this burden.

---

[5] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).
[6] R. Doc. 81, p. 15.
[7] *See* 42 U.S.C. § 6905(b).  The RCRA contains an additional anti-duplication provision at 42 U.S.C. 6905(a).
[8] *See San Francisco Herring Ass'n v. Pac. Gas & Elec. Co.*, No. 14–cv–04393–WHO, 2015 WL 859420, at *13 (N.D. Cal. Feb. 26, 2015) ("[W]hen two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective.  When there are two acts upon the same subject, the rule is to give effect to both if possible . . . . Defendants have the burden to show that . . . an inconsistency would result.") (alterations in original) (quoting *Raritan Baykeeper, Inc. v. NL Indus., Inc.*, No. 09–cv–4117 (JAP), 2013 WL 103880, at *27 (D. N.J. Jan. 8, 2013)).

**II. RCRA Claim on the Merits**

Even if the RCRA claim is cognizable as a matter of law, Taylor contends Plaintiffs cannot meet their burden of proof at trial. To prevail in a "contributing to" citizen suit under the RCRA, a plaintiff must establish the following elements:

> (1) that the defendant is a person, including, but not limited to, one who was or is a generator or transporter of solid or hazardous waste or one who was or is an owner or operator of a solid or hazardous waste treatment, storage, or disposal facility; (2) that the defendant has contributed to or is contributing to the handling, storage, treatment, transportation, or disposal of solid or hazardous waste; and (3) that the solid or hazardous waste may present an imminent and substantial endangerment to health or the environment.[9]

Taylor argues Plaintiffs cannot any establish any of these elements.

Regarding the first, Taylor contends it is not a "person" under the RCRA because it does not "generate" or "transport" solid or hazardous waste.[10] Taylor's argument belies a plain reading of the statute, which imposes liability "against *any person* . . . *including* any . . . generator, . . . transporter, or . . . owner or operator of a treatment, storage, or disposal facility . . . ."[11] Use of the phrase "any person" modified by the word "including" demonstrates that "generator" and "transporter" are merely two examples of persons regulated by the statute—not conditions precedent to liability.[12]

Taylor also argues—albeit implicitly—that the second element of a RCRA claim is not met.[13] Specifically, Taylor argues the oil discharged from MC-20 does not constitute "solid waste" or "hazardous waste," as required by the statute. Hazardous waste is a subset of solid waste.[14] The RCRA's definition of "solid waste" includes "discarded

---

[9] *Cox v. City of Dall., Tex.*, 256 F.3d 281, 292 (5th Cir. 2001).
[10] *See* R Doc. 261-1, p. 4.
[11] 42 U.S.C. § 6972(a)(1)(B) (emphasis added).
[12] *See Cox*, 256 F.3d at 292–93.
[13] Taylor only explicitly challenges the first and third elements.
[14] *See* 42 U.S.C. 6903(25); *Aviall Servs., Inc. v. Cooper Indus., LLC*, 694 F. Supp. 2d 567, 582 (N.D. Tex.

materials."[15]  Because the statute does not define "discarded materials,"[16] courts have developed their own definition.  In general, courts agree that "discarded materials" are those that have served or are no longer capable of serving their intended purpose.[17]

Applying this test, several courts have concluded that once leaked into soil or water, petroleum products constitute solid waste, because they are no longer capable of serving their intended purpose.[18]  The Court finds the reasoning in these cases persuasive.  Therefore, the Court holds the oil that has leaked from MC-20 may constitute solid waste if it is no longer capable of serving its intended purpose.  Plaintiffs bear the burden of establishing this element at trial.[19]

Finally, Taylor contends Plaintiffs cannot prove the oil discharged from MC-20 "may present an imminent and substantial endangerment to health or the environment."[20]  In order to prevail, Plaintiffs need not demonstrate actual harm so long as the threat of harm is present now.[21] Whether the oil from MC-20 creates such a threat is clearly a question of fact.  Plaintiffs have submitted sufficient evidence to create a genuine factual dispute that must be resolved at trial.

---

2010).
[15] 42 U.S.C. § 6903(27).
[16] *See Craig Lyle Ltd. P'ship v. Land O'Lakes Inc.*, 877 F. Supp. 476, 481 (D. Minn. 1995).
[17] *See, e.g., Zands v. Nelson*, 779 F. Supp. 1254, 1262 (S.D. Cal. 1991); *Craig Lyle*, 877 F. Supp. at 481; *Conn. Coastal Fishermen's Ass'n v. Remington Arms Co., Inc.*, 989 F.2d 1305, 1314 (2d Cir. 1993); *Ecological Rights Found. v Pacific Gas & Elec. Co.*, 713 F.3d 502, 515 (9th Cir. 2013).
[18] *See, e.g., Craig Lyle*, 877 F. Supp. at 481–82; *Zands*, 779 F. Supp. at 1262; *United States v. Apex Oil Co., Inc.*, No. 05-CV-242-DRH, 2008 WL 2945402, at *81 (S.D. Ill. July 28, 2008); *United States v. Union Corp.*, 259 F. Supp. 2d 356, 402 (E.D. Pa. 2003); *Waldschmidt v. Amoco Oil Co.*, 924 F. Supp. 88, 90–91 (C.D. Ill. 1996); *Paper Recycling, Inc. v. Amoco Oil Co.*, 856 F. Supp. 671, 675 (N.D. Ga. 1993); *Dominick's Finer Foods, Inc. v. Amoco Oil Co.*, No. 93 C 4210, 1993 WL 524808, at *2 (N.D. Ill. Dec. 15, 1993); *accord Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.*, No. 4:CV–95–1182, 174 F.R.D. 609, 619–21 (M.D. Pa. 1997).
[19] Taylor appears to contend oil discharged into the Gulf could still serve its intended purpose if a sufficient capturing mechanism is developed.  *See* R. Doc. 310, p. 5.
[20] 42 U.S.C. § 6972(a)(1)(B).
[21] *See Cox*, 256 F.3d at 299–300.

## CONCLUSION

There are genuine disputes of material fact that preclude the entry of summary judgment.

Accordingly;

**IT IS ORDERED** that the Motion for Summary Judgment is **DENIED**.

**New Orleans, Louisiana, this 29th day of July, 2015.**

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**